■ WILLIAM RYAN, Respondent, v MORSE DIESEL, INC., Appellant and Third-Party Plaintiff-Respondent-Appellant. RONSCO CONSTRUCTION COMPANY, INC., et al., Third-Party Defendants-Appellants-Respondents, et al., Third-Party Defendants. — Judgments, entered after a jury trial, Supreme Court, New York County (Hilda Schwartz, J.), on July 22 and July 28, 1982, as amended on August 6, 1982, in favor of the plaintiff upon a jury verdict in his favor in the sum of $1,500,000, unanimously reversed, on the law, and a new trial ordered, with costs and disbursements to abide the event. In answer to interrogatories, the jury apportioned liability 35% against the defendant Morse Diesel, 45% against the third-party defendant Ronsco Construction, and 20% against the third-party defendant Ermco Erectors. Following the jury verdict, the trial court in a decision dated June 9, 1982 ruled that Morse Diesel was entitled to complete contractual indemnification from Ronsco for the 35% for which it was held liable and to complete indemnification for its 35% liability from the third-party defendant Grand Iron Works less what it received in indemnification from Ronsco. The court further ruled that Grand Iron was not entitled to indemnification by Ermco. The defendant Morse Diesel was the general contractor for the erection of a multistory hotel. Ronsco and Grand Iron were subcontractors, Ronsco for rough carpentry including the provision of temporary tread protection on permanently installed steel stairways, Grand Iron for the fabrication and erection of steel. The latter subcontracted the actual erection of the steel to Ermco. The plaintiff was an employee of Ermco. He was injured when, carrying a bucket of bolts, he stubbed his toe and fell while walking down a permanently installed but unfinished interior stairway of the hotel under construction. The steel work of the stairway had been completed and each tread was in effect a metal pan designed to hold concrete that was to be poured later. Meanwhile the treads were supposed to have been brought level by the temporary insertion of boards in the metal pans. Some were in place and some were not. There were no boards on the tread in which the plaintiff stumbled. The appellants raise numerous points on appeal which we find no necessity to reach because there is a single underlying error which requires reversal and a new trial. In its instructions to the jury, the court, over objection, charged the statutory duty imposed by subdivision 1 of section 240 of the Labor Law. It charged that, should Morse Diesel be found to have breached this duty, the statute would impose absolute liability without consideration of any negligence on the part of the plaintiff. We find this statute inapplicable and that the statute properly chargeable was subdivision 6 of section 241 of the Labor Law, wherein the plaintiff's comparative negligence would come under consideration (see Long v Forest-Fehlhaber, 55 NY2d 154). Subdivision 1 of section 240 requires the furnishing of "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices". It is commonly called the Scaffold Law (see Fuller v Mulcahy & Gibson, 164 App Div 829, 831), and in all the cases cited by the plaintiff the fall was from a place that either was a scaffold by definition or was from something being used in lieu of a scaffold. The rule of noscitur a sociis limits the construction of the

"other devices" of the statute to the company of the specific words preceding it (*Popkin v Security Mut. Ins. Co.*, 48 AD2d 46, 48), and under no construction can this permanently installed stairway, used by the plaintiff as a place of passage, be deemed to be a scaffold, hoist, stay, ladder, sling, hanger, block, pulley, brace, iron or rope. The stairway was not a tool used in the performance of the plaintiff's work. It was a passageway from one place of work to another. The distinction is critical. An accident arising on such a passageway does not lie within the purview of subdivision 1 of section 240 (*Mizak v Carborundum Co.*, 172 App Div 627). The appropriate statute is subdivision 6 of section 241 (see *Rosenbaum v Lefrak Corp.*, 80 AD2d 337). Concur — Sullivan, J. P., Carro, Silverman and Lynch, JJ.