that the buy money that had been recovered from defendant and vouchered was no longer retrievable. Defendant failed to demonstrate either prosecutorial misconduct or any real prejudice to his defense warranting the drastic remedy sought (*People v Morrison*, 235 AD2d 501, *lv denied* 89 NY2d 1038; *see also, People v Haupt*, 71 NY2d 929, 931). It should be noted that the court gave an adverse inference charge favorable to defendant.

Defendant's claim that the prosecutor violated the court's *Sandoval* ruling is unpreserved for appellate review due to lack of specific objection (*People v Wilkens*, 239 AD2d 105, *lv denied* 90 NY2d 899), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant opened the door to the questioning by his misleading testimony concerning his prior felony drug possession conviction (*People v Hunter*, 235 AD2d 378, *lv denied* 89 NY2d 1094). In any event, any error would have been harmless in light of the overwhelming evidence of defendant's guilt. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.

■ Oswald Millan, an Infant, by His Mother and Natural Guardian, Emily Conde, et al., Respondents, v New York City Housing Authority, Appellant. [671 NYS2d 222] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about May 27, 1997, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly denied the motion in light of issues of fact concerning defendant's notice of the danger and the foreseeability of the accident. We have reviewed defendant's related contentions and find that they lack merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.

■ Juan Santamaria, Respondent, v 1125 Park Avenue Corporation, Respondent, and Tower Building Restoration, Inc., Appellant. (And Other Actions.) [670 NYS2d 844] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about July 17, 1997, which, in an action by a laborer to recover for personal injuries, insofar as appealed from, denied defendant-appellant general contractor's motion for summary judgment dismissing plaintiff's complaint, and granted plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) and § 241 (6) claims, and order, same court (Howard Silver, J.), entered on or about January 29, 1997, which, insofar as appealable, denied defendant's motion to renew the prior order, unanimously affirmed, without costs.

Defendant general contractor is liable as a matter of law under Labor Law § 240 (1) where plaintiff, while engaged in brick replacement work on the exterior wall of a building, fell a distance of eight to fifteen feet when the permanently affixed ladder he was using to gain access to the roof where tools were being stored broke off from the wall. We note that defendant submits no competent evidence refuting plaintiff's claim that tools he needed to do his job were being stored on the roof and that access to the roof could only be attained by using the permanently affixed ladder (see, Oprea v New York City Hous. Auth., 226 AD2d 310; Kirchner v BRC Human Servs. Corp., 224 AD2d 270). Summary judgment was also properly granted to plaintiff on his Labor Law § 241 (6) claim upon proof demonstrating that the subject ladder did not comply with the minimum strength standard specified in 12 NYCRR 23-1.21 (b) (1). It does not avail defendant that it had no control over the ladder and that the defect was latent, it being well settled that a general contractor's liability under sections 240 (1) and 241 (6) is not dependent on either its degree of control over the work or on whether it had notice of the defective condition (see, Ross v Curtis-Palmer Hydro-Elec. Corp., 81 NY2d 494, 500, 502). Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.