■ DONALD BRENNAN et al., Plaintiffs-Appellants, v RCP Associates et al., Respondents. [683 NYS2d 69] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 6, 1997, which, to the extent appealed from as limited by their brief, denied plaintiffs' cross-motion for summary judgment on their claim pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Donald Brennan, a steam fitter, was injured in the course of repairing cooling towers located on the roof of 1250 Avenue of the Americas. Access to the 12 cooling towers is gained by means of a series of interconnecting service gratings, positioned six feet above roof level, which are reached by climbing a steel ladder from the roof. Mr. Brennan testified that, as he was walking on one of the gratings, it tipped upward, striking his knees and causing him to fall backwards onto the adjacent grating. Plaintiffs brought this action against RCP Associates, the owner of the building, Radio City Music Hall Productions, a partner of RCP, and Rockefeller Group Inc., also a partner of RCP and the tenant that engaged John Grace & Co., Donald Brennan's employer, to repair the cooling towers. The complaint alleges violations of Labor Law §§ 200, 240 (1), and § 241 (6).

Defendants moved to dismiss the complaint pursuant to CPLR 3212 on the grounds that they do not operate or control the premises and that ownership is limited to a nonpossessory interest held by defendant RCP Associates. Plaintiffs cross-moved for summary judgment. Supreme Court granted defendants' motion holding, *inter alia*, that plaintiffs failed to assert a cognizable claim under the Labor Law. With respect to plaintiffs' Labor Law § 240 (1) claim, the court reasoned: "the grating was permanent and not temporary in nature, thereby precluding consideration of it as the functional equivalent of a scaffold or other statutorily enumerated safety device or as a tool used in the performance of Brennan's work (*see, e.g., Ryan v Morse Diesel*, 98 AD2d 615, 616). An important distinction must be made between an instrumentality that is temporary for purposes of Labor Law § 240 (1) and one that is permanent but nonetheless defective (*see, Pennaccio v Tednick Corp*, 200 AD2d 809). The Labor Law § 240 (1) claim is, therefore, not viable".

On appeal, the parties confine their arguments to Labor Law § 240 (1). The statute imposes a nondelegable duty upon owners and general contractors to furnish proper safety devices and protection in order to ensure the safety of workers exposed to elevation-related risks during the construction, repair, demolition, painting and alteration of a building or structure (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500). The hazards against which the statute is designed to afford protection "are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the

worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514).

In dismissing this action, Supreme Court relied on *Ryan v Morse Diesel* (98 AD2d 615), in which the plaintiff sustained injury when he fell while carrying a bucket of bolts down an unfinished stairway in a hotel that was still under construction. This Court held Labor Law § 240 (1) to be inapplicable because a "permanently installed stairway" is a passageway and not part of the class of enumerated safety devices within the contemplation of the statute (*supra*, at 616). We emphasize that the determinative criterion in *Ryan* is not the permanence of the structure but its character as a normal appurtenance of the building rather than a device designed to protect the worker from elevation-related hazards (*see, Spiteri v Chatwal Hotels*, 247 AD2d 297; *Santamaria v 1125 Park Ave. Corp.*, 249 AD2d 16; *Szopinski v MJ Mech. Servs.*, 217 AD2d 906, *appeal dismissed* 87 NY2d 861).

By contrast with the facts of *Ryan v Morse Diesel* (*supra*), the platform on which plaintiff Donald Brennan sustained injury was installed precisely to afford access to the building's cooling towers so as to permit normal maintenance and repairs to be carried out. It is undisputed that he was engaged in repair work at the time of his injury. Therefore, the work performed is an activity covered by Labor Law § 240 (1), and the cause of the injury is a device belonging to a class enumerated in the statute, specifically, a scaffold. Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.