■ PAUL NORTON, Appellant, v PARK PLAZA OWNERS CORPORATION et al., Respondents. [694 NYS2d 411] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 31, 1998, as denied those branches of his motion which were for partial summary judgment on the issue of liability on his causes of action to recover damages under Labor Law §§ 200, 240 (1), and § 241 (6), and dismissed those causes of action asserted under Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an elevator repairman, reported to a building owned by the defendants, Park Plaza Owners Corporation and Park Plaza Associates (hereinafter collectively Park Plaza), to repair a defect in one of the elevators. The elevator machine room was located on the roof of the building and the entrance thereto was accessible only by traversing a fixed, permanent staircase. After completing the repairs, the plaintiff walked down this staircase and fell when the fourth step from the top partially collapsed. He commenced the instant action against Park Plaza to recover damages for violations of Labor Law §§ 200, 240 (1), and § 241 (6), as well as for common-law negligence, and moved for partial summary judgment on the issue of liability as to all causes of action. The Supreme Court denied the motion and dismissed the causes of action to recover damages based on Labor Law § 240 (1) and § 241 (6). We affirm.

The cause of action to recover damages under Labor Law

§ 240 (1) was properly dismissed in view of the fact that the staircase upon which the plaintiff fell was a normal appurtenance to the building and was not designed as a safety device to protect him from an elevation-related risk (*see, Brennan v RCP Assocs.*, 257 AD2d 389; *Williams v City of Albany*, 245 AD2d 916; *Dombrowski v Schwartz*, 217 AD2d 914; *Pennacchio v Tednick Corp.*, 200 AD2d 809; *Monroe v New York State Elec. & Gas Corp.*, 186 AD2d 1019).

The cause of action to recover damages under Labor Law § 241 (6) was also properly dismissed. In order to prevail under that statute, a plaintiff is required to plead and prove that the defendant violated a specific provision or provisions of the Industrial Code (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Phillips v City of New York*, 228 AD2d 570). Here, the only such provision upon which plaintiff relies is one which relates to "ladders and ladderways" (12 NYCRR 23-1.21) and thus is inapplicable to the facts of this accident (*see also, Mosher v State of New York*, 80 NY2d 286; *Spiteri v Chatwal Hotels*, 247 AD2d 297; *Bermel v Board of Educ.*, 231 AD2d 663).

Finally, the Supreme Court properly found that issues of fact exist precluding summary judgment on the Labor Law § 200 claim. S. Miller, J. P., Santucci, Schmidt and Smith, JJ., concur.