■ JEROME CRIMI et al., Respondents, v NEVES ASSOCIATES et al., Defendants, and 1411 BROADWAY ASSOCIATES et al., Appellants. 1411 BROADWAY ASSOCIATES et al., Third-Party Plaintiffs-Appellants, v CENTRAL ELEVATOR, INC. Third-Party Defendant-Appellant. [761 NYS2d 186] —Order, Supreme Court,

New York County (Marilyn Shafer, J.), entered April 9, 2002, which, to the extent appealed from, denied a motion for partial summary judgment on the issue of the liability of third-party defendant Central Elevator, Inc. (Central Elevator) for contractual indemnification insofar as the motion was made on behalf of defendant and third-party plaintiff 1411 Broadway Associates (1411 Broadway), granted such motion insofar as it was made on behalf of defendant and third-party plaintiff Trizechahn Office Properties (Trizechahn) upon condition that the negligence of Central Elevator, or of anyone directly or indirectly employed by it, is found to be a proximate cause of plaintiff's injuries, and granted plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

The permanently affixed ladder from which plaintiff fell, which was the only means of gaining access to his elevated work site, was a "device" within the meaning of Labor Law § 240 (1) (*see Brennan v RCP Assoc.*, 257 AD2d 389 [1999], *lv dismissed* 93 NY2d 889 [1999]; *Santamaria v 1125 Park Ave. Corp.*, 249 AD2d 16 [1998]; *Oprea v New York City Hous. Auth.*, 226 AD2d 310 [1996]). Because the record demonstrates plaintiff fell down a steep ladder with very narrow rungs, "there is no question that his injuries were at least partially attributable to defendant[s'] failure to take statutorily mandated safety measures to protect him from risks arising from an elevation differential, and thus that grounds for the imposition of liability pursuant to Labor Law § 240 (1) were established" (*Nunez v Bertelsman Prop.*, 304 AD2d 487, 488 [2003]). That plaintiff's fall may also have been caused by debris on the ladder does not raise any triable issues of fact as to liability under Labor Law § 240 (1) (*see id.*).

Summary judgment on the issue of contractual indemnity was properly denied 1411 Broadway. Although 1411 Broadway may be the owner of the building, it is not the "Owner" identified in the contract, which was between Trizechahn as "Owner" and Central Elevator as "Contractor." Therefore 1411 Broadway can claim no rights under the contract.

"Where an entity is held strictly liable based solely on its status as owner of the premises pursuant to Labor Law § 240 (1), as is here the case with respect to [Trizechahn], the owner is entitled to contractual indemnification where such has been agreed to between the parties" (*Velez v Tishman Foley Partners*, 245 AD2d 155, 156 [1997]). The agreement here provides that Central Elevator is obligated to defend and indemnify Trizechahn for "bodily injury * * * but only to the extent

caused in whole or part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable" (*compare id.* at 156-157). In view of this provision, the grant of summary judgment in favor of Trizechahn on its cause of action against Central Elevator for contractual indemnification was properly conditioned upon a finding of Central Elevator's negligence (*see Zeigler-Bonds v Structure Tone*, 245 AD2d 80, 81 [1997]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.