JANICE GRIFFIN, Individually and as Administratrix of the Estate of BRUCE GRIFFIN, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. T. MORIARTY & SONS, INC., Third-Party Defendant-Appellant. (And Another Action.) [791 NYS2d 98]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about June 4, 2003, insofar as it denied appellants' respective motions for summary judgment, unanimously affirmed, without costs.

While there is no evidence that the Transit Authority, the owner of the work site where plaintiff's decedent was allegedly injured, controlled or directed the manner of the decedent's work, such control or direction is not necessary to establish liability under Labor Law § 200 where the injury arises from the condition of the workplace created by or known to the owner, rather than the method used in performing the work (*see*

*Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]; *Roppolo v Mitsubishi Motor Sales of Am., Inc.*, 278 AD2d 149 [2000]). Here, summary judgment was properly denied since there are issues of fact as to whether the Transit Authority had notice of the alleged dangerous condition.

The court properly concluded that the decedent, who at the time of the accident was performing punchlist work, testing recently installed fans, was engaged in construction for purposes of Labor Law § 240 (1) and § 241 (6) (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]; *Greenfield v Macherich Queens Ltd. Partnership*, 3 AD3d 429 [2004]; *Campisi v Epos Contr. Corp.*, 299 AD2d 4, 6 [2002]). There are, however, issues of fact as to whether the structure from which he fell was a permanently affixed ladder which provided the sole access to his work site and therefore a "device" within the meaning of Labor Law § 240 (1) (*see e.g. Priestly v Montefiore Med. Ctr.*, 10 AD3d 493 [2004]; *Crimi v Neves Assoc.*, 306 AD2d 152, 153 [2003]), or whether it was a permanent staircase not designed as a safety device to afford protection from an elevation-related risk and therefore outside the coverage of the statute (*see e.g. Norton v Park Plaza Owners Corp.*, 263 AD2d 531 [1999]; *Williams v City of Albany*, 245 AD2d 916 [1997], *appeal dismissed* 91 NY2d 957 [1998]; *Dombrowski v Schwartz*, 217 AD2d 914 [1995]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.