■ Bernard Gallagher et al., Respondents, v Andron Construction Corp., Appellant. [801 NYS2d 373]—

In an action to recover damages for personal injuries, etc., the defendant Andron Construction Corp. appeals from an interlocutory judgment of the Supreme Court, Westchester County (Murphy, J.), entered August 4, 2004, which, upon the denial of that branch of its motion, made at the close of the plaintiffs' case, which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action, and upon a jury verdict, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law and the facts, with costs, that branch of the motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action is granted, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability on the remaining causes of action.

The plaintiff Bernard Gallagher (hereinafter the plaintiff) was injured when he fell while descending an outdoor stairway attached to a shanty on the roof of a building at a construction

site at which he worked as a foreman. The plaintiff was returning from the shanty, which served as an office and storage facility for the project, when he slipped on snow and ice, fell over the side of the stairway, and landed on the ground below.

At the close of the plaintiffs' case, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action based on its contention that the stairway provided proper protection. Subsequently, the jury found that the defendant breached its statutory duty to the plaintiff under Labor Law § 240 (1) and that the breach was a substantial factor in the happening of the accident.

On appeal, the defendant contends that the Supreme Court erred in denying that branch of its motion which was for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action. We agree.

Where a fall occurs from a permanent stairway, no liability pursuant to Labor Law § 240 (1) can attach (*see Gold v NAB Constr. Corp.,* 288 AD2d 434, 435 [2001]; *Paciente v MBG Dev.,* 276 AD2d 761 [2000]; *Norton v Park Plaza Owners Corp.,* 263 AD2d 531 [1999]; *Barrett v Ellenville Natl. Bank,* 255 AD2d 473 [1998]). In the instant case, the plaintiff contended that the stairway was temporary and therefore fell within the catchall phrase set forth in the statute of "other devices" requiring proper protection (Labor Law § 240 [1]; *see e.g. Wescott v Shear,* 161 AD2d 925 [1990]). However, the distinction of permanent versus temporary is merely one aid in determining whether the device in question was a normal appurtenance to a building or a device to protect the worker from elevation-related risks or hazards (*see Brennan v RCP Assoc.,* 257 AD2d 389 [1999]). It is undisputed that the stairway was attached and secured to the exterior of the building. Since the injury in question did not result from an elevation hazard contemplated to be protected by the statute, absolute liability pursuant to Labor Law § 240 (1) against the owner should not be imposed (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Kanarvogel v Tops Appliance City,* 271 AD2d 409, 410-411 [2000]). We discern no rationale for arriving at a different result had the plaintiff slipped on material on an interior stairway and fallen to the ground (*see Barrett v Ellenville Natl. Bank, supra*). The injury in question stemmed from an alleged failure to maintain the landing area and not from a failure to provide adequate elevation security to prevent a height-related hazard.

In the context of the facts present herein, the stairway in question was attached in a nonpermanent manner and thus

constituted a passageway from one work area to another (*see Brennan v RCP Assoc., supra*; *Ryan v Morse Diesel,* 98 AD2d 615 [1983]). As a passageway the stairway did not constitute one of the enumerated safety devices required to protect a worker from an elevation-related hazard. The foregoing does not absolve the property owner from common-law negligence or its obligations pursuant to Labor Law §§ 200 or 241 (6). However, since in accordance with the instructions of the trial judge, the jury was precluded from considering whether the defendant was liable based on these other theories once it found the defendant liable pursuant to Labor Law § 240 (1), those issues are not presented for our review. Accordingly, we reverse the interlocutory judgment, grant that branch of the motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action, and remit the matter for a new trial on the remaining causes of action which were presented to, but not determined by the jury. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.