■ DEONARINE BEHARRY et al., Respondents, v PUBLIC STORAGE, INC., et al., Appellants. (And a Third-Party Action.) [828 NYS2d 458]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Polizzi, J.), entered May 24, 2005, which, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action to recover damages based upon a violation of Labor Law § 240 (1), and upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $458,675.22.

Ordered that the judgment is affirmed, with costs.

The plaintiff Deonarine Beharry, an iron worker, was injured at work when, as he was returning from a coffee break and ascending a flight of unfinished stairs from the second floor to the third floor, he stepped on the "metal decking" or the "intermediate platform" between the two floors and "went straight through" to the first floor. He commenced this action to recover damages based on, inter alia, Labor Law § 240 (1) against the owners of the premises, Public Storage, Inc., and PSAC Development Partners, LP, and the general contractor, Racanelli Construction Company, Inc.

At trial, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability with respect to his Labor Law § 240 (1) claim. The Supreme Court granted the motion. The defendants appeal. We affirm.

The "metal decking" was a "safety device" within the meaning of Labor Law § 240 (1) (*see Megna v Tishman Constr. Corp. of Manhattan*, 306 AD2d 163 [2003]; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856 [2000]). Because the decking served as a functional equivalent of a ladder at the time of the accident, the

fact that it was to become a permanent landing for the stairway in the future was irrelevant (*see Wescott v Shear,* 161 AD2d 925 [1990]; *cf. Gallagher v Andron Constr. Corp.,* 21 AD3d 988, 989 [2005]; *Brennan v RCP Assoc.,* 257 AD2d 389, 391 [1999]; *Williams v City of Albany,* 245 AD2d 916 [1997]; *Ryan v Morse Diesel,* 98 AD2d 615, 616 [1983]).

Contrary to the defendants' contention, the injured plaintiff's conduct was not the sole proximate cause of his injuries, because he neither engaged in unforeseeable, reckless activities nor misused a safety device that was provided to him (*see Montgomery v Federal Express Corp.,* 4 NY3d 805, 806 [2005]; *Urias v Orange County Agric. Socy.,* 7 AD3d 515 [2004]; *Weingarten v Windsor Owners Corp.,* 5 AD3d 674, 677 [2004]).

Accordingly, the Supreme Court properly granted the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against the defendants. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.