■ Jorge Caceres, Respondent, v Ciampa Organization et al., Defendants, and Ciampa Jamaica, LLC, et al., Appellants. [850 NYS2d 36]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered October 5, 2006, which, in an action for personal injury sustained by a worker on a construction site, insofar as appealed from, denied the motion of defendants-appellants site

owner and general contractor for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200 and 241 (6) as against them, unanimously affirmed, without costs.

Issues of fact as to notice precluding dismissal of the section 200 claim are raised by evidence that the loose piece of planking over which plaintiff allegedly tripped was put down by appellants' employees to cover up an open area of the floor where air ventilation ducts were to be later installed, that the planking was obscured by dirt and debris all over the floor, and that appellants' employees were responsible for cleaning debris from the site (*see Griffin v New York City Tr. Auth.*, 16 AD3d 202, 202-203 [2005]). The same evidence precludes dismissal of the section 241 (6) claim, based on Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2) governing tripping hazards that arise from, inter alia, dirt and debris at the work site. Whether the dirt and debris that allegedly covered the planking and obscured it from plaintiff's view was a substantial factor in causing plaintiff's fall is an issue of fact. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.