OPINION OF THE COURT
Herbert Kramer, J.
Plaintiff spent the afternoon cleaning and relocating exhaust ducts as part of a job being done for defendant Bricco Restaurant Corp. After the work concluded for the day, plaintiff went to the roof to collect his tools. One of the tools fell off the roof into an alleyway between buildings owned by the codefendant owners. In an effort to retrieve the tool, plaintiff went through the building next door to gain entrance to the alleyway and then traversed a concrete clad platform which suddenly collapsed, injuring him.
Can the plaintiff maintain his Labor Law § 240 (1); § 241 (6) and § 200 claims against the restaurant, the owner of the building which housed the restaurant and the owner of the building next door to which the concrete clad platform was connected?[1]
The Facts
Plaintiff, an HVAC mechanic, was employed by Bee Cool HVAC to assist in the cleaning and relocation of defendant Bricco Restaurant Corp.’s brick oven exhaust ducts.[2] Plaintiff arrived at 304 West 56th Street in the afternoon, unloaded his tools from his employer’s truck and left them on the roof. He then went down to the restaurant to clean the exhaust. He spent the afternoon cleaning debris out of the exhaust system. *176 After taking a break, plaintiff proceeded to the landing where the restaurant’s duct work was located and joined his coworkers there. He spent the balance of his time cutting ducts with a coworker. At the end of his work day plaintiff went to the roof to retrieve his tools. As he collected his tools, one tool fell off the roof and down into an alleyway which plaintiff described as the “gap” area.
In order to retrieve the tool, plaintiff entered 302 West 56th Street, the building next door. He walked down a corridor to a back door and used it to enter the alleyway. Plaintiff did not ask permission to enter the building, was not performing any work on the building and was not instructed to enter the building by any employees of 302 West 56th Street. When he entered the alleyway he climbed a set of stairs to the second level of a fire escape and walked on a metal platform which led to a cement platform in search of the tool he had dropped. Plaintiff took between three and five steps on that platform[3] when it collapsed and the plaintiff fell to the ground below. It is not disputed that Bricco did not own, operate, control or maintain the platform, the courtyard, or the fire escape.
According to the owner of 304 West 56th Street, who had a survey conducted in 2006, the area where the plaintiff tripped was not owned by him. The side wall that abuts the courtyard is the property line for this property.
The building superintendent [4] examined the “gap” area on a weekly basis prior to the accident to ensure that the drain lines located in the area did not clog. He did not take specific notice of the concrete platform on his weekly visits because it looked the same every time[5] since there was concrete covering the support beams. He had walked on the platform many times without incident before the plaintiffs accident. The platform had never *177 previously been repaired and no violations had ever been issued with respect to it. He was instructed by the managing agent of the properties located at 302 West 56th Street/939 Eighth Avenue to install support beams beneath the partially collapsed bridge and he also installed fencing on the bridge to prevent access to it. He testified that there was no access to the courtyard or bridge from 304 West 56th Street, where plaintiff was working.
The property manager of 939 Eighth Avenue and 302 West 56th Street testified that neither he nor Eighth & 56th Street Associates ever hired the plaintiffs employer to perform any kind of work on either of these buildings, did not manage or direct the plaintiffs work, nor were they notified at any time that any workers would be accessing the roof of 304 West 56th Street or either of the two buildings owned by Eighth & 56th Street Associates or the platform in question.
Labor Law § 240 (1)
“Labor Law § 240 (1) requires the furnishing of ‘scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices’. The statute imposes absolute liability on an owner or contractor who fails to provide or erect the enumerated safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure. However, the worker must have been engaged in one of the enumerated activities in order to come within the class for whose benefit the statute was enacted . . . [T]he statute imposes ‘the duty to provide safety equipment to protect workers from hazards related to elevating themselves or their materials at the work site.’ ” (Barnes v Park Cong. Church, 145 AD2d 889, 890 [3d Dept 1988] [citations omitted].)
Thus, there are in essence at least two prerequisites to liability under this provision — one focuses upon the safety device itself and the other focuses upon the activity in which the worker was engaged.
As to the safety device, it is well established that a permanent installation cannot be deemed one of the enumerated devices. (Ryan v Morse Diesel, 98 AD2d 615, 616 [1st Dept 1983] [“stairway is not a tool used in the performance of the plaintiffs work. It was a passageway from one place ... to another”]; cf. Brennan v RCP Assoc., 257 AD2d 389, 391 [1st Dept 1999] [“determinative criterion in Ryan is not the permanence of the *178 structure but its character as a normal appurtenance of the building rather than as a device designed to protect the worker from elevation-related hazards” — distinguishing a platform specifically designed to afford access to cooling tower to permit normal maintenance and repairs].) Moreover, the accident must be one of the sorts of occurrences that the enumerated safety devices could prevent. Thus, where plaintiff hit his head on a low hanging beam on a poorly lit stairway, the Court held that better lighting or padding on the beam might have prevented the accident and, thus, the case did not fall within the ambit of the Labor Law provision. (See Barnes, 145 AD2d at 890-891.) As to the nature of the activity, the Court of Appeals has reasoned that “[w]hile the reach of section 240 (1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during ‘the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure.’ ” (Martinez v City of New York, 93 NY2d 322, 326 [1999].) Rejecting plaintiffs claim that inspecting for the presence of asbestos was a qualifying activity, the Court concluded that “the analysis employed below which focused on whether plaintiffs work was an ‘integral and necessary part’ of a larger project within the purview of section 240 (1) . . . improperly enlarges the reach of the statute beyond its clear terms.” (Id.) Indeed, courts have rejected claims that extend the reach of the section: Thus, obtaining serial numbers from machine components was not sufficiently connected to an enumerated activity (Fairchild v Servidone Constr. Corp., 288 AD2d 665 [3d Dept 2001]), and a plaintiff who was injured on a lunch break was not involved in an enumerated activity (Keenan v Just Kids Learning Ctr., 297 AD2d 708 [2d Dept 2002]), nor was the plaintiff who was collecting union dues involved in an enumerated activity (Martucci v Tirro Constr. Corp., 192 Misc 2d 22 [Sup Ct, Richmond County 2002]).
Here, plaintiff’s Labor Law § 240 (1) claim fails on two grounds. The platform on which he tripped was a permanent installation that was a normal appurtenance of the building and not a device designed to protect a worker from elevation-related hazards. (Brennan v RCP Assoc., 257 AD2d 389 [1999], supra.) Secondly, plaintiffs excursion into another building and into an area that was not part of the work site after work had stopped for the day to try to retrieve his tool did not constitute “erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1]). Nor can *179 plaintiffs excursion be “brought within the scope of the statute by deeming it ‘integral,’ ‘necessary’ or ‘incidental’ to the [construction activity since] . . . [t]he Court of Appeals . . . has expressly rejected an ‘integral and necessary’ test as ‘improperly enlarging] the reach of the statute beyond its clear terms.’ ” (Adair v Bestek Light. & Staging Corp., 298 AD2d 153, 153 [1st Dept 2002] [stagehand focusing fully installed overhead lights after construction work on the stage had been completed was not involved in the “erection” or “altering” of a structure within the purview of Labor Law § 240 (1)].) Accordingly, this claim cannot stand.
Labor Law § 241 (6)
Plaintiffs Labor Law § 241 (6) claim fares no better since it requires that the area in which the accident occurs be one “in which construction, excavation or demolition work is being performed.” The plaintiff was
“neither employed at [this location] nor a person lawfully frequenting the premises within the meaning of the Labor Law. The . . . plaintiffs firm had not been hired by any contractor, owner, or agent to perform work [at this location] but instead, [plaintiff] was merely acting as a volunteer on the [location] to look at the subject area and [see whether or not he could find his tool].” (Harrison v City of New York, 248 AD2d 592, 593 [2d Dept 1998] [plaintiff, who was inspecting an area to decide about the feasibility of placing a hoist, fell from a ladder propped against steel beams]; see also Sprague v Louis Picciano, Inc., 100 AD2d 247, 250 [3d Dept 1984] [“parking lot in which plaintiff was injured does not qualify as an ‘area ... in which construction, excavation or demolition work was being performed’. That products to be utilized in the excavation were stored in the parking lot does not, of itself, transform the lot into a work area within the scope of (section 241 [6] which) . . . may not be so implemented by decisional law as to establish a cause of action and right of recovery not contemplated by the Legislature”].)
Nor does Labor Law § 241 (6) apply to circumstances where, as here, an attenuated, remote and contingent stream of events that “neither affect[ ] the structural integrity of a building or structure nor involved [its] construction” are implicated in the happening of the occurrence. (See Walton v Devi Corp., 215 *180 AD2d 60, 63 [3d Dept 1995] [the grant of defendant’s motion for summary judgment dismissing the Labor Law § 241 (6) claim affirmed where plaintiff, whose employer was hired to remove trees obstructing a motel sign, was injured when a chip thrown by a wood chipping machine struck him in the eye].)
Labor Law § 200
Labor Law § 200 similarly does not apply to the circumstances at bar. “Labor Law § 200 codified a landowner’s common-law duty to provide workers with a reasonably safe place to work. It is settled jurisprudence that liability will attach to a landowner pursuant to Labor Law § 200 (1) only when the injuries were sustained as the result of an actual dangerous condition at the work site” (Seaman v A.B. Chance Co., 197 AD2d 612, 613 [2d Dept 1993] [citations omitted]). The area where plaintiff fell was not “the work site,” and had not been shown to be connected to the actual work site in any way. The defendant, 304 West 56th Street Realty, made a prima facie showing that the building which housed the restaurant in which plaintiffs firm was working did not include this area and plaintiff failed to rebut this showing with nonspeculative evidence. Indeed, plaintiff’s expert’s conclusion to the contrary was supported only by the speculation of the superintendent who thought that at one time the concrete platform may have served as an exit to the 304 West 56th Street property. However, upon further questioning, the superintendent acknowledged that he had no actual information as to the ownership of that bridge by 304 West 56th Street Realty and there was no access to the bridge from that building.
Perhaps the most telling rationale for the dismissal of plaintiffs Labor Law §§ 200 and 241 (6) claims is to be found in the Court of Appeals determination in Gibson v Worthington Div. of McGraw-Edison Co. (78 NY2d 1108, 1109 [1991]). There the plaintiffs firm had been invited to submit a repair estimate for roof damage. While the plaintiff was being shown the damaged area, the roof gave way and the plaintiff was injured. Notwithstanding the fact that plaintiffs firm was not a volunteer but was employed in the process of gathering information for the estimate, the Court nonetheless held that “[finasmuch as plaintiffs firm had not been hired to perform any construction work on the premises [where he fell], plaintiff was not a person ‘employed’ to carry out the repairs as that term is used in section 200 (1) [and] section 241 (6) of the Labor Law.” (Id.) Here plaintiff is even less connected to any possible employ *181 ment on the premises where he fell since he was a volunteer on his own excursion searching for his tool after the work day was over.
Common-Law Negligence and Res Ipsa Loquitur
Plaintiffs claims of common-law negligence as against 304 West 56th Street Realty and Bricco Restaurant cannot stand since thesé entities established that they do not own this property and plaintiff has not raised a triable issue of fact in this regard.
Plaintiffs claim of negligence with respect to Eighth & 56th Street Associates, LLP[6] can survive the motion for summary judgment only under a theory of res ipsa since the movants came forward with sufficient evidence through the testimony of the superintendent to demonstrate that they did not have notice of the condition that caused the collapse and did not cause or create it and in response plaintiff did not raise a triable issue of fact.
The Eighth & 56th Street Associates defendants argue that the theory of res ipsa is not viable because the plaintiff cannot make out the element of exclusive control necessary to this claim, since the support beams of the platform connect to the exterior walls of codefendant’s building located at 304 West 56th Street.
However, the unrebutted evidence shows that the building at 304 West 56th Street has no access to this platform and the owner testified that this property ends at the external wall. Moreover, it was the Eighth & 56th Street Associates defendants who directed the superintendent to repair the platform. (Fernandez v Higdon El. Co., 220 AD2d 293 [1st Dept 1995] [allowing evidence of postaccident repairs where, as here, there is an issue of control].)
Be that as it may,
“[t]he exclusive control requirement, as generally understood, is that the evidence ‘must afford a rational basis for [the conclusion] that the cause of *182 the accident was probably “such that the defendant would be responsible for any negligence connected with it.” ’ The purpose is simply to eliminate within reason all explanations for the injury other than the defendants’ negligence. The requirement does not mean that The possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant’s door.’ ” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 227 [1986] [citations omitted].)
Accordingly, the prong of the motion by Eighth & 56th Street Associates, LLP directed to the dismissal of plaintiffs negligence claim is denied.
Claims for Indemnification and Contribution
Eighth & 56th Street Associates’ cross claims for common-law indemnification and common-law contribution are not viable since no liability may be attributed to 304 West 56th Street Realty and Bricco Restaurant for plaintiff’s accident and consequently there is no underlying basis for granting any relief against these defendants and, thus, summary judgment dismissing the cross claims against them must be granted and the claims dismissed.
Accordingly, the defendants’ motions for summary judgment dismissing plaintiff’s Labor Law claims are granted and plaintiffs Labor Law § 240 (1); § 241 (6) and § 200 claims are dismissed as to each moving defendant.
Defendants 304 West 56th Street Realty and Bricco Restaurant Corp.’s motion for summary judgment dismissing plaintiffs negligence causes of action is granted and all cross claims are dismissed as to these defendants.
The motion by Joel Jablonski as general partner of Eighth & 56th Street Associates, LLP dismissing plaintiffs claims as to him is granted.
Insofar as defendant Eighth & 56th Street Associates seeks to dismiss plaintiffs negligence cause of action based on res ipsa, that prong of the motion is denied.

. Defendant 304 West 56th Street Realty LLC moves for summary judgment dismissing plaintiffs Labor Law and negligence claims arguing that it was neither a contractor nor an owner of the courtyard/alleyway or the fire escapes where this accident occurred and did not own the platform where the plaintiffs accident occurred.
Defendant Bricco Restaurant cross-moves for summary judgment dismissing the complaint and for summary judgment dismissing the cross claims asserted against it on the ground, inter aha, that there was no connection between it and the location where the plaintiff fell.
Defendants Eighth & 56th Street Associates, LLP and Joel Jablonski cross-move for summary judgment dismissing plaintiffs Labor Law claims and granting the relief sought in their cross claims for indemnification and contribution arguing, inter alia, that plaintiff was not employed by them to do anything at their buildings and was not working at the time.

. The restaurant used and occupied the first two floors of 304 West 56th Street, pursuant to a written lease. The building is owned by defendant 304 West 56th Street Realty LLC.

. This platform was located between 302 West 56th Street and 939 Eighth Avenue, which are owned by Eighth & 56th Street Associates, and 304 West 56th Street.

. The superintendent for Eighth & 56th Street Associates worked in that capacity for 23 years. He regularly serviced 302 West 56th Street and 939 Eighth Avenue, the two buildings owned by it. He worked on an as needed basis for the owner of 304 West 56th Street, taking care of the garbage in front of the building, keeping an eye on the boiler and taking calls from tenants regarding repairs.

. The concrete platform was supported by two beams attached to the exterior walls of 939 Eighth Avenue and 304 West 56th Street. The beams were not visible prior to the date of the accident because brick and concrete were built around the beams and the beams were not exposed until the platform collapsed.

. The complaint must be dismissed as to Joel Jablonski as general partner of Eighth & 56th Street Associates since
“ ‘no partner of a partnership which is a registered limited liability partnership is liable or accountable ... for any ... liabilities of. . . the registered limited liability partnership . . . whether arising in tort ... or otherwise . . . which are incurred ... by such partnership . . . solely by reason of being such a partner.’ ” (Ederer v Gursky, 9 NY3d 514, 523 [2007].)