*852 Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 26, 2009, which, to the extent appealed from, denied defendant Cynthia Shoats’s motion for summary judgment dismissing the Labor Law § 240 (1) and § 241-a causes of action as against her, affirmed, without costs.
Plaintiff was injured when a piece of corrugated metal covering the unfinished landing of a newly constructed stairway slipped under his feet, causing him to fall from the second floor to the basement level of a building under construction, while he was descending from his work area on the fourth floor. Plaintiff testified that the only temporary ladders in the building were positioned at the time of his accident to connect the fourth floor to the third floor and the third to the second, and that therefore the subject stairway was the sole means of descent from the second floor and was so used by “everybody.” Defendant’s testimony that she observed a ladder connecting the first and second floors raises an issue of fact whether the corrugated metal landing covering the stairway was the sole means of descent from plaintiffs work area and thus a safety device within the meaning of Labor Law § 240 (1) (see Griffin v New York City Tr. Auth., 16 AD3d 202 [2005]; Crimi v Neves Assoc., 306 AD2d 152 [2003]; Brennan v RCP Assoc., 257 AD2d 389 [1999], lv dismissed 93 NY2d 889 [1999]).
As he was working near and fell from the stairway, plaintiff is entitled to the protection of Labor Law § 241-a (see Fuller v Catalfamo, 223 AD2d 850, 852 [1996]; Seiger v Port of N.Y. Auth., 43 AD2d 339, 341 [1974] [“the statute here involved should be construed liberally”]). Contrary to defendant’s contention, the record raises an issue of fact whether plaintiff fell more than one story.
Given the factual issue whether the stairway was plaintiffs sole means of access to and from his work area and thus was a safety device within the meaning of Labor Law § 240 (1), the failure of the corrugated metal landing to protect plaintiff from the elevation-related hazard presented by the stairway precludes *853 a finding as a matter of law that plaintiffs conduct was the sole proximate cause of his injuries (see Blake v Neighborhood Hous. Seros. of N.Y. City, 1 NY3d 280, 290-291 [2003]; Miraglia v H & L Holding Corp., 36 AD3d 456 [2007], lv denied 10 NY3d 703 [2008]; Osario v BRF Constr. Corp., 23 AD3d 202 [2005]; see also Lajqi v New York City Tr. Auth., 23 AD3d 159 [2005]). Nor can it be found as a matter of law that plaintiff was a recalcitrant worker, given his testimony that he and his coworkers had been informed by the foreman that they should use the subject staircase and that other workers had gone down the stairs ahead of him (see e.g. Miraglia, 36 AD3d at 456-457).
We have considered defendant’s remaining contentions and find them unavailing. Concur—Moskowitz, Freedman and Roman, JJ.
Andrias, J.P., and McGuire, J., dissent in a memorandum by McGuire, J, as follows: I respectfully dissent. The majority’s decision to uphold the Labor Law § 240 (1) claim cannot be reconciled with well-established precedents of this Court and each of the other departments; the majority’s decision to uphold the Labor Law § 241-a claim cannot be reconciled with the plain language of the statute and a well-established principle of statutory construction.
Plaintiff, who had been working on the fourth floor of the building installing windows, decided to exit the building to take a coffee break and fell while descending a permanently installed but unfinished interior staircase that had been constructed the day before. Specifically, plaintiff stepped on a piece of metal covering on the second-floor landing of the staircase and fell to the basement when the unsecured covering moved.
With respect to plaintiffs claim under Labor Law § 240 (1), our decision in Ryan v Morse Diesel (98 AD2d 615 [1983]) is controlling. In Ryan, the plaintiff was injured when, while carrying a bucket of bolts down a permanently installed but unfinished interior stairway, he stubbed his toe, fell and was injured. We reversed a jury verdict in favor of the plaintiff based on a violation of section 240 (1), finding that under no construction of the statute could a “permanently installed stairway, used by the plaintiff as a place of passage, be deemed to be a scaffold, hoist, stay, ladder, sling, hanger, block, pulley, brace, iron or rope,” the safety devices specifically enumerated therein (id. at 616). We also found that “[t]he stairway was not a tool used in the performance of the plaintiffs work” but rather “was a passageway from one place of work to another” (id.). We specifically stated that “[t]he distinction is critical” and held that “[a]n accident arising on such a passageway does not lie within the purview of subdivision 1 of section 240” (id.).
*854 We made this same important distinction more recently in Griffin v New York City Tr. Auth. (16 AD3d 202 [2005]). Affirming the denial of a motion for summary judgment by certain defendants on a Labor Law § 240 (1) claim, we explained that there were “issues of fact as to whether the structure from which [the plaintiff] fell was a permanently affixed ladder which provided the sole access to his work site and therefore a ‘device’ within the meaning of Labor Law § 240 (1), or whether it was a permanent staircase not designed as a safety device to afford protection from an elevation-related risk and therefore outside the coverage of the statute” (id. at 203 [citations omitted]). Here, there is no comparable issue of fact: it is undisputed that plaintiff fell while descending the permanent but unfinished stairway, not a ladder providing the sole access to the work site and thus a safety “device” within the statute. Our decisions in Ryan and Griffin are not oddities of the law peculiar to this Department. The Second, Third and Fourth Departments also have held that a permanent staircase is not a safety “device” within the meaning of the statute (see Norton v Park Plaza Owners Corp., 263 AD2d 531 [2d Dept 1999]; Williams v City of Albany, 245 AD2d 916 [3d Dept 1997], appeal dismissed 91 NY2d 957 [1998]; Dombrowski v Schwartz, 217 AD2d 914 [4th Dept 1995]).
The majority appears to be of the view that Labor Law § 240 (1) would apply if “the stairway was the sole means of descent” from plaintiffs work area. Nothing in Ryan, however, suggests that another means of descent was available to the plaintiff or that the holding was predicated on the presence of another means of descent. Rather, the holding in Ryan was predicated on the permanent nature of the stairway as a passageway, which precluded it from being characterized as a “device” with the meaning of the statute.
If the staircase here was being used by plaintiff in lieu of a scaffold and was the sole means of access to the elevation level required to perform his work, it may be that it could then be deemed a “safety device” within the ambit of section 240 (1) (see Jones v 414 Equities LLC, 57 AD3d 65 [1st Dept 2008]). Given the facts of this case, however, that question is not before us. Plaintiff was neither using the staircase to accomplish his work nor was it the sole means of ascent or descent to his work area. Rather, plaintiff was using the newly installed, permanent staircase as a passageway. “An accident arising on such a passageway does not lie within the purview of subdivision 1 of section 240. The appropriate statute is subdivision 6 of section 241” (Ryan, 98 AD2d at 616 [citations omitted]).
*855 Although there is some confusion in the record, it is clear that plaintiff fell from the second floor landing. It also is clear that temporary ladders were built and used at the site. Indeed, plaintiff ascended to the fourth floor earlier that morning by using two ladders, one connecting the fourth and the third floors and one connecting the third and second floors. Moreover, it is undisputed that those ladders were still present at the site when plaintiff used the newly installed, permanent staircase. But, in any event, even assuming that plaintiff fell while descending from the second floor to the first floor (as opposed to while descending from the third floor to the second floor), the majority is wrong as it is undisputed that a permanent exterior staircase connected the first and second floors. Thus, no matter where the accident occurred, plaintiff had an alternative means of descent.
Likewise, because plaintiff was not working in the stairwell at the time of his accident, the motion to dismiss the claim pursuant to Labor Law § 241-a also should have been granted. The statute specifies that “[a]ny men working in or at. . . stairwells of buildings in course of construction . . . shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men.” Since it is undisputed that plaintiff was not working in or at the stairwell, the claim is foreclosed by the plain language of the statute. The statute applies when “men [are] working in or at. . . stairwells,” not “in, near or at ... stairwells” or when the stairwell “is the only way ... to reach the work area.” The majority broadens the reach of the statute, and introduces additional uncertainty concerning its reach, by impermissibly reading into it words that the Legislature could have but did not include (see Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995]).