■ HUGO RAMIREZ, Respondent, v CYNTHIA SHOATS, Appellant, et al., Defendants. [911 NYS2d 310]—

Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered August 26, 2009, which, to the extent appealed from, denied defendant-appellant building owner's motion for summary judgment dismissing the Labor Law § 240 (1) and § 241-a causes of action as against her, affirmed, without costs.

Plaintiff was injured when a piece of corrugated metal covering the unfinished landing of a newly constructed stairway slipped under his feet, causing him to fall to the basement level of a building under construction. While defendant did not dispute at oral argument that plaintiff fell more than one story, the record is quite unclear as to which floor plaintiff fell from, a confusion that is perhaps due to which floor each party considers to be the "first" floor. In his affidavit in opposition to summary judgment, plaintiff claims that he fell while using the "new stairway which connected the second floor to the first floor." Plaintiff testified that, at the time of his accident, temporary ladders connected the fourth floor to the third floor and the third floor to the second floor. Plaintiff testified that "everybody" used the stairway to descend from the second floor. He claims that "[i]f a temporary ladder affording access from the second floor to the first floor had been made readily available to me, I would have most definitely utilized it."

However, a reading of the record, plus the explanation from defendant's counsel at oral argument, supports a different location for the accident. This second scenario suggests that plaintiff had used a ladder to descend from his work area on the fourth floor to reach the third floor. Then, he utilized an unfinished staircase to descend from the third floor to the second floor (not from the second floor to the first). Under this scenario, the accident occurred at the base of the landing of the stairs near the second floor, and there would have been a ladder available as an alternative means of descent because it is undisputed that ladders connected the third floor to the second floor. Because it is unclear what floor plaintiff fell from, it is also unclear whether the stairway was the sole means of descent and thus a safety device within the meaning of Labor Law § 240 (1) (see *Griffin v New York City Tr. Auth.*, 16 AD3d 202 [2005]; *Crimi v Neves Assoc.*, 306 AD2d 152 [2003]). The conflicting testimony concerning where plaintiff fell and defendant's testimony that she observed a ladder connecting the first and second floors

raise an issue of fact whether the stairway was the sole means of descent from plaintiff's work area.

The dissent is simply incorrect when it states that a permanently installed structure used as a passageway cannot be a statutory safety device (*see Jones v 414 Equities LLC*, 57 AD3d 65, 78 [1st Dept 2008] [criticizing as "based on an erroneous premise," the rule that collapse of a permanent structure cannot give rise to section 240 (1) liability]; *see also Espinosa v Azure Holdings II, LP*, 58 AD3d 287, 291 [1st Dept 2008]).

Given that there is a question whether the stairway was plaintiff's sole means of access to and from his work area and thus was a safety device within the meaning of Labor Law § 240 (1), the failure of the corrugated metal landing to protect plaintiff from falling through the stairs precludes a finding as a matter of law that plaintiff's conduct was the sole proximate cause of his injuries (*see Miraglia v H & L Holding Corp.*, 36 AD3d 456, 457 [2007], *lv denied* 10 NY3d 703 [2008]; *Osario v BRF Constr. Corp.*, 23 AD3d 202 [2005]; *Lajqi v New York City Tr. Auth.*, 23 AD3d 159 [2005]). Nor was plaintiff a recalcitrant worker as a matter of law. Plaintiff testified that the foreman had told him and his coworkers to use the staircase and that other workers had safely proceeded down the stairs ahead of him (*see Miraglia*, 36 AD3d at 456-457).

Because of these unresolved issues of fact, defendant, the moving party, has not carried her burden on summary judgment. Accordingly, the court was correct to deny her motion.

Nevertheless, even if plaintiff had an alternative way to get to and from his work area, the stairs provided the most efficient means of access. It flies in the face of common sense to require a worker to utilize a fabricated ladder built from wood at the work site over a seemingly completed staircase. The Court of Appeals has recently noted that we have historically read the Labor Law statute too narrowly (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009] ["The breadth of the statute's protection has, however, been construed to be less wide than its text would indicate"]). Given this recent admonition, it seems almost ridiculous to preclude recovery merely because plaintiff had an alternative means to descend from his work area, especially when that alternative route may have seemed more dangerous than the stairs plaintiff did utilize.

Plaintiff is also entitled to the protection of Labor Law § 241-a, stating: "Any men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected by sound planking." The dissent would deprive plaintiff of the benefit of this statute

because, given that his work area was on the fourth floor, he was not "working in or at the stairwell." However, we must afford this statute a liberal interpretation (*see Seiger v Port of N.Y. Auth.*, 43 AD2d 339, 341 [1974] ["the statute here involved should be construed liberally"]). Should the version of events in plaintiff's affidavit prove accurate, the only way for plaintiff to reach his work area was via the stairway. The danger the unsecured planking created on that singular route is a hazard that Labor Law § 241-a redresses, whether or not plaintiff's task required his presence in that precise location at the work site.

We have considered defendant's remaining contentions and find them unavailing. Concur—Moskowitz, Freedman and Román, JJ.

Andrias, J.P., and McGuire, J., dissent in a memorandum by McGuire, J., as follows: I respectfully dissent. The majority's decision to uphold the Labor Law § 240 (1) claim cannot be reconciled with well-established precedents of this Court and each of the other departments; the majority's decision to uphold the Labor Law § 241-a claim cannot be reconciled with the plain language of the statute and a well-established principle of statutory construction.

Plaintiff, who had been working on the fourth floor of the building installing windows, decided to exit the building to take a coffee break and fell while descending a permanently installed but unfinished interior staircase that had been constructed the day before. Specifically, plaintiff stepped on a piece of metal covering on the second-floor landing of the staircase and fell to the basement when the unsecured covering moved.

With respect to plaintiff's claim under Labor Law § 240 (1), our decision in *Ryan v Morse Diesel* (98 AD2d 615 [1983]) is controlling. In *Ryan*, the plaintiff was injured when, while carrying a bucket of bolts down a permanently installed but unfinished interior stairway, he stubbed his toe, fell and was injured. We reversed a jury verdict in favor of the plaintiff based on a violation of section 240 (1), finding that under no construction of the statute could a "permanently installed stairway, used by the plaintiff as a place of passage, be deemed to be a scaffold, hoist, stay, ladder, sling, hanger, block, pulley, brace, iron or rope," the safety devices specifically enumerated therein (*id.* at 616). We also found that "[t]he stairway was not a tool used in the performance of the plaintiff's work" but rather "was a passageway from one place of work to another" (*id.*). We specifically stated that "[t]he distinction is critical" and held that "[a]n accident arising on such a passageway does not lie within the purview of subdivision 1 of section 240" (*id.*).

We made this same important distinction more recently in *Griffin v New York City Tr. Auth.* (16 AD3d 202 [2005]). Affirming the denial of a motion for summary judgment by certain defendants on a Labor Law § 240 (1) claim, we explained that there were "issues of fact as to whether the structure from which [the plaintiff] fell was a permanently affixed ladder which provided the sole access to his work site and therefore a 'device' within the meaning of Labor Law § 240 (1), or whether it was a permanent staircase not designed as a safety device to afford protection from an elevation-related risk and therefore outside the coverage of the statute" (*id.* at 203 [citations omitted]). Here, there is no comparable issue of fact: it is undisputed that plaintiff fell while descending the permanent but unfinished stairway, not a ladder providing the sole access to the work site and thus a safety "device" within the statute. Our decisions in *Ryan* and *Griffin* are not oddities of the law peculiar to this Department. The Second, Third and Fourth Departments also have held that a permanent staircase is not a safety "device" within the meaning of the statute (*see Norton v Park Plaza Owners Corp.*, 263 AD2d 531 [2d Dept 1999]; *Williams v City of Albany*, 245 AD2d 916 [3d Dept 1997], *appeal dismissed* 91 NY2d 957 [1998]; *Dombrowski v Schwartz*, 217 AD2d 914 [4th Dept 1995]).

The majority appears to be of the view that Labor Law § 240 (1) would apply if "the stairway was the sole means of descent" from plaintiff's work area. Nothing in *Ryan*, however, suggests that another means of descent was available to the plaintiff or that the holding was predicated on the presence of another means of descent. Rather, the holding in *Ryan* was predicated on the permanent nature of the stairway as a passageway, which precluded it from being characterized as a "device" with the meaning of the statute.

If the staircase here was being used by plaintiff in lieu of a scaffold and was the sole means of access to the elevation level required to perform his work, it may be that it could then be deemed a "safety device" within the ambit of section 240 (1) (*see Jones v 414 Equities LLC*, 57 AD3d 65 [1st Dept 2008]). Given the facts of this case, however, that question is not before us. Plaintiff was neither using the staircase to accomplish his work nor was it the sole means of ascent or descent to his work area. Rather, plaintiff was using the newly installed, permanent staircase as a passageway. "An accident arising on such a passageway does not lie within the purview of subdivision 1 of section 240. The appropriate statute is subdivision 6 of section 241" (*Ryan*, 98 AD2d at 616 [citations omitted]).

Although there is some confusion in the record, it is clear that plaintiff fell from the second floor landing. It also is clear that temporary ladders were built and used at the site. Indeed, plaintiff ascended to the fourth floor earlier that morning by using two ladders, one connecting the fourth and the third floors and one connecting the third and second floors. Moreover, it is undisputed that those ladders were still present at the site when plaintiff used the newly installed, permanent staircase. But, in any event, even assuming that plaintiff fell while descending from the second floor to the first floor (as opposed to while descending from the third floor to the second floor), the majority is wrong as it is undisputed that a permanent exterior staircase connected the first and second floors. Thus, no matter where the accident occurred, plaintiff had an alternative means of descent.

Likewise, because plaintiff was not working in the stairwell at the time of his accident, the motion to dismiss the claim pursuant to Labor Law § 241-a also should have been granted. The statute specifies that "[a]ny men working in or at . . . stairwells of buildings in course of construction . . . shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men." Since it is undisputed that plaintiff was not working in or at the stairwell, the claim is foreclosed by the plain language of the statute. The statute applies when "men [are] working in or at . . . stairwells," not "in, near or at . . . stairwells" or when the stairwell "is the only way . . . to reach [the] work area." The majority broadens the reach of the statute, and introduces additional uncertainty concerning its reach, by impermissibly reading into it words that the Legislature could have but did not include (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995]).