■ The People of the State of New York, Respondent, v Quan Hong Ye, Also Known as Ye Quan Hong, Appellant. [889 NYS2d 556]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered April 8, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, three counts of criminal possession of a controlled substance in the third degree, and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of four years to life, unanimously affirmed.

The court properly admitted the testimony of a police officer concerning defendant's admissions, which were translated to him by another officer acting as an interpreter. Since the record presents no motive for the translator to mislead, nor any reason to question the accuracy of his translations, the testimony was admissible under the agency exception to the hearsay rule (see People v Romero, 78 NY2d 355, 362 [1991]). The agency exception applies even though the interpreter was a law enforcement officer primarily acting on behalf of the Police Department (see United States v Da Silva, 725 F2d 828, 831-832 [2d Cir 1983]). Although defendant did not choose the interpreter, he accepted him as his agent for the purpose of translating his words into English (see People v Morel, 8 Misc 3d 67, 69-70 [App Term, 2d Dept 2005], lv denied 5 NY3d 808 [2005]).

Moreover, the interpreting officer testified as to the truthfulness and accuracy of his translation. Furthermore, this officer

also testified as to the substance of defendant's admissions, and this testimony was essentially the same as that given by the interrogating officer. Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.