Waldron v City of New York (2022 NY Slip Op 01892)





Waldron v City of New York


2022 NY Slip Op 01892


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 151927/14 Appeal No. 15539 Case No. 2021-00160 

[*1]Thomas Waldron, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents, Schiavone Construction LLC et al., Defendants.
City of New York et al., Third-Party Plaintiffs-Respondents,
v
Eaton Electric, Inc., Third-Party Defendant-Respondent.


Constantinidis & Associates, P.C., Long Island City (Steven T. Lane of counsel), for appellant.
Gallo Vitucci Klar LLP, Woodbury (Dylan R. Prior of counsel), for The City of New York, New York City Transit Authority, The Metropolitan Transportation Authority, MTA Capital Construction Company and Judlau Contracting Inc., respondents.
Camacho Mauro Mulholland, LLP, New York (Anthony J. Buono of counsel), for Eaton Electric Inc., respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered December 10, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for partial summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim based on an alleged violation of Industrial Code (12 NYCRR) § 23-2.7(e) as against defendants-respondents, unanimously affirmed, without costs.
Plaintiff, an electrical foreman on a building renovation project, seeks to recover damages for injuries he allegedly suffered in a fall down a stairway in the building. Defendant has raised a question of fact as to whether, under the circumstances here, the stairway on which defendant fell was a safety device that could give rise to the coverage of Labor Law § 240(1) (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97, 100 n 3 [2015]; Griffin v New York City Tr. Auth., 16 AD3d 202, 203 [1st Dept 2006]; compare Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655 [1st Dept 2018] [accident within coverage of statute where permanent stairway that the plaintiff fell down was elevated surface on which he was required to work and was also sole means of access to his work area]; Gory v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 550, 550 [1st Dept 2014] [same]).
Plaintiff failed to demonstrate conclusively that he was entitled to summary judgment on his Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-2.7(e), which requires handrails in stairwells. His testimony that he reached for a handrail as he was falling and there was none there presents an issue of fact as to whether the lack of handrails proximately caused his injuries (see Sanchez v Irun, 83 AD3d 611, 612 [1st Dept 2011]). Defendants-respondents' argument that a project engineer testified that plaintiff's sub-foreman had said the accident never happened, contrary to the sub-foreman's own deposition testimony, is unavailing. Defendants-respondents do not argue that a hearsay exception applies to the project engineer's
testimony or that there is an excuse for their failure to submit admissible evidence in opposition to plaintiffs' motion.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022