Verdi v SP Irving Owner, LLC (2024 NY Slip Op 02721)

Verdi v SP Irving Owner, LLC

2024 NY Slip Op 02721

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-04374
 (Index No. 700318/18)

[*1]Jonathan Verdi, appellant, 
v
SP Irving Owner, LLC, et al., respondents.

The Weinstein Law Group, PLLC, New York, NY (Rudolf B. Radna and Steven M. Weinstein of counsel), for appellant.
Brody Law Group, PLLC, New York, NY (Magdalene P. Skountzos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered June 8, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e) with regard to the cause of action alleging a violation of Labor Law § 241(6) and for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e), and granted those branches of the defendants' cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e).
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e) with regard to the cause of action alleging a violation of Labor Law § 241(6), and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-3.3(e), and (3) by deleting the provision thereof granting that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-3.3(e); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The defendants own a mixed-use, multifamily building, which has retail space on the bottom floor and residential apartment units on the top floors. The defendants retained Bluestone Construction & Development (hereinafter Bluestone) to perform work on certain apartment units in the building. The plaintiff was employed by Bluestone. On October 10, 2016, the plaintiff was assigned the task of removing garbage and debris from the fifth floor of the building and transporting [*2]it to the first floor of the building. The plaintiff used an interior staircase in the building to travel from the fifth floor to the first floor. The plaintiff testified at his deposition that as he was carrying the "bottom part" of a toilet, he went to descend to the next step of the staircase and his foot "slipped" on demolition or construction material, causing him to fall.
The plaintiff commenced this personal injury action against the defendants, asserting, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In the bill of particulars, the plaintiff alleged that the Labor Law § 241(6) cause of action was predicated on, among other things, a violation of 12 NYCRR 23-1.7(d).
The plaintiff moved, inter alia, for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e) with regard to the Labor Law § 241(6) cause of action and for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e). The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e).
In an order entered June 8, 2021, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e), determining that Bluestone did not perform demolition work at the building and that 12 NYCRR 23-3.3(e) was therefore inapplicable to the facts of this case. The court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and granted that branch of the defendants' cross-motion which was for summary judgment dismissing that cause of action. The court also denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e), and granted that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e). The plaintiff appeals.
"'[L]eave to amend the pleadings to identify a specific, applicable Industrial Code provision may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant'" (Castano v Algonquin Gas Transmission, LLC, 213 AD3d 905, 908, quoting Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047; see Palaguachi v Idlewild 228th St., LLC, 197 AD3d 1321, 1322; Tuapante v LG-39, LLC, 151 AD3d 999, 1000). "Mere lateness is not a barrier" to amendment, absent prejudice (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [internal quotation marks omitted]), which exists where the nonmoving party "has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [internal quotation marks omitted]).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e) with regard to the Labor Law § 241(6) cause of action. The plaintiff made a showing of merit, the amendment presented no new factual allegations or new theories of liability, and the amendment did not prejudice the defendants. The defendants were put on sufficient notice through the complaint, the bill of particulars, and the plaintiff's deposition testimony that the Labor Law § 241(6) cause of action related to the defendants' alleged failure to provide proper safety devices, such as a chute or hoist, to be used in the removal of demolition debris from the building during demolition operations.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720). To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove (1) that the defendant violated Labor [*3]Law § 240(1), and (2) that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and properly granted that branch of the defendants' cross-motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action. The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action, the defendants established, prima facie, that Labor Law § 240(1) was inapplicable to the facts of this case, and the plaintiff failed to raise a triable issue of fact in opposition. The permanent staircase from which the plaintiff fell was a normal appurtenance to the building and was not designed as a safety device to protect him from an elevation-related risk (see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 957; Linkowski v City of New York, 33 AD3d 971, 973-974; Gallagher v Andron Constr. Corp., 21 AD3d 988, 989; Parsuram v I.T.C. Bargain Stores, Inc., 16 AD3d 471, 472; Gold v NAB Constr. Corp., 288 AD2d 434, 435; Norton v Park Plaza Owners Corp., 263 AD2d 531, 531-532). Contrary to the plaintiff's contention, "any alleged violations of the Industrial Code do not establish a violation of Labor Law § 240(1)" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 101; see Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 684).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657 [citations and internal quotation marks omitted]).
Here, the plaintiff testified at his deposition that he slipped as a result of "demolition" or "construction" debris, which is not the type of foreign substance contemplated by 12 NYCRR 23-1.7(d). Thus, this deposition testimony, submitted in support of the plaintiff's motion, failed to establish his prima facie entitlement to judgment as a matter of law on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d). Moreover, this deposition testimony, submitted in support of the defendants' cross-motion, established, prima facie, that 12 NYCRR 23-1.7(d) was inapplicable to the facts of this case (see Nankervis v Long Is. Univ., 78 AD3d 799, 801; Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 763, 765; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622; D'Acunti v New York City School Constr. Auth., 300 AD2d 107). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d) and properly granted that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 22 NYCRR 23-1.7(d).
As the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e) and granted that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e), in effect, on the ground that the court did not grant the plaintiff leave to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e), we modify the order by deleting the provisions thereof denying that branch of the plaintiff's motion and granting that branch of the defendants' cross-motion in light of our determination of that branch of the plaintiff's motion which was to amend the bill of particulars to allege a violation of 12 NYCRR 23-3.3(e). However, we decline to review the plaintiff's contentions on the merits of summary judgment with respect to so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e), and we remit the matter to the Supreme Court, Queens County, for a determination on the merits of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e) and that [*4]branch of the defendants' cross-motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e).
MALTESE, J.P., CHRISTOPHER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court