Villa-Farez v 840 Fulton, LLC (2024 NY Slip Op 50591(U))

[*1]

Villa-Farez v 840 Fulton, LLC

2024 NY Slip Op 50591(U)

Decided on May 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2024
Supreme Court, Kings County

Alex Leandro Villa-Farez, Plaintiff,

against
840 Fulton, LLC, SP CORINTH, LLC, DRUM HILL LLC, 840 FULTON CAD, LLC, THE DATEN GROUP LLC and TITAN REALTY & CONSTRUCTION LLC, Defendants.
840 FULTON, LLC, SP CORINTH, LLC, DRUM HILL LLC, 840 FULTON CAD, LLC, THE DATEN GROUP LLC and TITAN REALTY & CONSTRUCTION LLC, Third-Party Plaintiffs,
against
IMPERIEX CONSTRUCTION, INC., Third-Party Defendant.
840 FULTON, LLC, SP CORINTH, LLC, DRUM HILL LLC, 840 FULTON CAD, LLC, THE DATEN GROUP LLC and TITAN REALTY & CONSTRUCTION LLC, Second Third-Party Plaintiffs,
against
EDDIE'S VIP CONSTRUCTION NY CORP., Second Third-Party Defendant.

Index No. 503746/19

Wingate, Rusotti, Shapiro, Moses & Halperin, LLP, New York City (Carmine J. Goncalves of counsel), for plaintiff.
Pillinger Miller Tarallo, Elmsford (John T. Kalin of counsel), for defendants & third-party plaintiffs.
Salter & Ingrao, Mineola (Corey J. Pugliese of counsel), for third-party defendant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York City (Nicholas J. Kauffman of counsel), for second third-party defendant.

Aaron D. Maslow, J.

Papers used on this motion (NYSCEF Doc Nos.):
Filed by Plaintiff in Support of Motion
68: Notice of motion
69: Affirmation of Carmine J. Goncalves, Esq.
70: Memorandum of law
71: Statement of material facts
72: Exhibit A — summons & complaint
73: Exhibit B — defendants' answer
74: Exhibit C — third-party complaint
75: Exhibit D — third-party defendant's answer
76: Exhibit E — second third-party complaint
77: Exhibit F — second third-party defendant's answer
78: Exhibit G — bills of particulars
79: Exhibit H — deposition transcript, plaintiff, Feb. 14, 2020
80: Exhibit I — deposition transcript, Peter Brucas (Titan Realty & Constr LLC), Dec. 16, 2020
81: Exhibit J — deposition transcript, Thomasz Korasadowicz (Imperiex Constr., Inc.), Jan. 6, 2021
82: Exhibit K — deposition transcript, Wille Sanchez (Imperiex Constr., Inc.), Feb. 18, 2021
83: Exhibit L — incident report
84: Exhibit M — agreement between Titan Realty and Constr., LLC & Imperiex Constr., Inc.
85: Exhibit N — photographs
86: Affidavit of service
Filed by Second Third-Party Defendant in Opposition to Motion
143: Affirmation of Bernice E. Margolis, Esq.
144: Exhibit A — Order, May 4, 2022
145: Exhibit B — response to demand for second third-party defendant's bill of particulars with exhibits
146: Exhibit C — response to second third-party defendants' combined demands with exhibits
147: Exhibit D — May 26, 2022 email
148: Exhibit E — June 7, 2022-June 23, 2022 email chain
149: Exhibit F — notice for discovery and inspection to defendants
150: Exhibit G — WCB employer's first report of work-related injury
151: Exhibit H — PC Order, Aug. 2, 2019
152: Response to plaintiff's statement of material facts
153: Memorandum of law
Filed by Defendants & Third-Party Plaintiffs in Opposition to Motion
154: Affirmation of Patrice M. Coleman, Esq.
155: Response to plaintiff's statement of material facts
156: Certification
Filed by Third-Party Defendant in Opposition to Motion
221: Affirmation of Terrance J. Ingrao, Esq.
222: Memorandum of law
223: Response to plaintiff's statement of material facts
224: Certification
225: Affidavit of service
Filed by Plaintiff in Support of Motion
226: Reply affirmation of Carmine J. Goncalves, Esq.
227: Certification
228: Affidavit of service
Upon the foregoing papers, plaintiff Alex Leandro Villa-Farez moves for an order, pursuant to CPLR 3212, granting summary judgment in his favor with respect to liability on his Labor Law §§ 240 (1) and 241 (6) causes of action (motion sequence number 1). 
Plaintiff's motion is denied. 
 BACKGROUND
Plaintiff pleads causes of action premised on common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6) based on injuries allegedly sustained on August 28, 2018, when he slipped and fell down a flight of stairs while carrying a 90-pound roll of rubber roofing material up a staircase located in a building under construction. The building was owned by defendant 840 Fulton, LLC (840 Fulton). 840 Fulton hired defendant Titan Realty & Construction, LLC (Titan), to act as the construction manager for the project, and Titan, in turn, hired subcontractors to perform construction work on the project, including third-party defendant Imperiex Construction, Inc. (Imperiex), which performed roofing work, and second third-party defendant Eddie's VIP Construction NY Corp. (Eddie's VIP), which performed carpentry work. Plaintiff was employed by Imperiex as a laborer.
According to plaintiff's deposition testimony, on the morning of the accident, plaintiff and a coworker plaintiff knew as Oscar were directed to move approximately 25 to 30 rolls of rubber roofing material, each weighing approximately 90 pounds, from a pallet located on the first floor of the building up eight floors to the building's roof. Since the building elevator was not available for use at that time, and because there was no material hoist or crane that plaintiff and his coworker could use to lift the material to the roof, the Imperiex supervisor at the jobsite directed plaintiff and Oscar to carry the rolls up the staircase. At the time plaintiff was using the staircase, he observed that there were no handrails on the staircase, he saw no other workers working on or using the staircase, and he noticed that the entirety of the staircase was dirty and covered with pieces of wood and cement.
The accident occurred, according to plaintiff, after he had already carried 5 or 6 rolls up the staircase and was in the process of carrying up another roll from the 5th to 6th floors of the building. When he stepped on the landing at the 6th floor, plaintiff's right foot slipped on a thin, rectangular piece of wood that was approximately one and a half feet by one and a half feet, and plaintiff fell back down the stairs to the landing below. Plaintiff stated that he fell all the way down to the landing below because there were no handrails upon which to grab onto. Although plaintiff observed the piece of wood when he stepped on it, he had not noticed this piece of wood, or any other particular pieces of wood or cement, between the 5th and 6th floors during his previous trips up and down the staircase. 
At his deposition, Wille Sanchez, a supervisor employed by Imperiex, testified that he was at the jobsite before plaintiff started working and had noticed that there were temporary handrails on one side of the staircase and that there was garbage strewn about the stairs. Sanchez thereafter left the jobsite to check on another Imperiex jobsite and thus was not present at the time plaintiff had his accident. Sanchez returned to the building when he received a call from Titan's superintendent that plaintiff had been injured. When he arrived back at the jobsite, plaintiff had already been taken to a hospital by ambulance. Sanchez walked up the staircase on his return, and noticed that the temporary handrails had been removed, and that there was taping on the joints of the sheetrock that had not been present earlier. At that time, Sanchez saw little pieces of sheetrock on the floor of the staircase, but did not notice any pieces of wood. While Sanchez, at that time, did not observe carpenters doing any work on the staircase, he did observe laborers cleaning up and reinstalling the temporary handrail. Sanchez, thereafter, went to the hospital where plaintiff had been taken after the accident, and spoke to plaintiff, who told Sanchez that he had lost his balance and fell down the staircase. Plaintiff did not identify any reason why he lost his balance to Sanchez during this conversation.
Peter Brucas, a Titan construction superintendent who was present at the building on the day of the accident, learned of the accident when he received a call from one of Titan's laborers. When he arrived at the location of the accident, he observed plaintiff lying on the fifth-floor landing of the poured concrete internal staircase. Brucas spoke with plaintiff using one of Titan's laborers, who he knew as Jairo, as a translator. Plaintiff informed Brucas that he had lost his balance and fell backwards. In the accident report Brucas prepared for Titan later that day, Brucas wrote that plaintiff, while carrying an 87-pound roll of roofing membrane between the 5th and 6th floors, had "lost his footing" and had fallen down the stairs to the fifth-floor landing. Brucas based this description of the accident on his conversation with plaintiff as translated by Jairo. Brucas also testified that, in his observations of the staircase after he arrived, he did not see any pieces of wood or sheetrock debris on the staircase. Like Sanchez, Brucas stated that the temporary handrail had been removed in order to allow Eddie's VIP to do dry wall taping. 

DISCUSSION
Labor Law § 240 (1) imposes absolute liability on owners and contractors or their agents when they fail to protect workers employed on a construction site from injuries proximately caused by risks associated with falling from a height or those associated with falling objects (see Wilinski v 334 E. 92nd Housing Dev. Fund Corp., 18 NY3d 1, 7 [2011]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). For a defendant to be held liable under Labor Law § 240 (1), a plaintiff's injuries must be "the direct consequence of a failure to provide adequate protection against a risk [*2]arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Wilinski, 18 NY3d at 10).
Not every accident involving an elevation differential, however, falls within the protections of Labor Law § 240 (1). In this regard, the Appellate Division, Second Department has held that no liability under section 240 (1) attaches where a fall occurs on a permanent stairway that serves as a normal appurtenance in the building (see Verdi v SP Irving Owner, LLC, — AD3d —, 2024 NY Slip Op 02721, *3 [2d Dept 2024]; Sullivan v New York Athletic Club of City of NY, 162 AD3d 955, 957 [2d Dept 2018], lv dismissed 32 NY3d 1196 [2019]; Gallagher v Andron Constr. Corp., 21 AD3d 988, 989 [2d Dept 2005]; Parsuram v I.T.C. Bargain Stores, Inc., 16 AD3d 471, 472 [2d Dept 2005]; see also Stiegman v Barden & Robeson Corp., 162 AD3d 1694, 1696 [4th Dept 2018]; Milanese v Kellerman, 41 AD3d 1058, 1060 [3d Dept 2007]).[FN1]
Although it does not appear that any of the witnesses specifically stated that the subject staircase was intended to be permanent, the deposition testimony of the witnesses taken as a whole, and the photographs of the accident location that are in the record before the court, show that the internal staircase at issue was indeed intended to be part of the permanent structure of the building and thus no liability would generally attach under section 240 (1).
To the extent that the staircase here may fall within the ambit of a line of cases holding that a permanently installed structure may be covered by Labor Law § 240 (1) where such a structure serves as a workers only means of accessing a work area (see Esquivel v 2707 Creston Realty, LLC, 149 AD3d 1040, 1041 [2d Dept 2017]; Beharry v Public Stor., Inc., 36 AD3d 574, 574-575 [2d Dept 2007]; see also O'Brien v Port Auth. of NY & N.J., 29 NY3d 27, 33-34 [2017]; Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 980 [2d Dept 2021]), plaintiff has still failed to demonstrate his prima facie entitlement to summary judgment. In this regard, courts have held that a fall solely caused by a tripping hazard unrelated to the ladder or scaffold at issue does not make out a section 240 (1) violation (see Cohen v Memorial Sloan-Kettering Cancer Ctr., 11 NY3d 823, 825 [2008]; Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]; Krarunzhiy v 91 Cent. Park W. Owners Corp., 212 AD3d 722, 723-724 [2d Dept 2023]). Here, plaintiff's testimony that he fell down the stairs because he slipped on a piece of wood demonstrates the existence of a factual issue as to whether his fall resulted from a separate hazard wholly unrelated to the risk that brought about the need for the section 240 (1) safety device in the first instance (see Cohen, 11 NY3d at 825; Nieves, 93 NY2d at 916; Krarunzhiy, 212 AD3d at 723-724; Charles v City of New York, 227 AD2d 429, 430 [2d Dept 1996], lv denied 93 NY2d 803 [1999]). Additionally, it is unclear whether handrails would have been required by section 240 (1) (see Holly v County of Chautauqua, 13 NY3d 931, 932 [2010]; Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1667-1668 [2d Dept 2020]; Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853, 854 [3d Dept 1995]). In any event, [*3]plaintiff's testimony that he had nothing to grab onto as he fell fails to demonstrate, as a matter of law, that the absence of handrails was a proximate cause of his injuries (see Waldron v City of New York, 203 AD3d 565, 565-566 [1st Dept 2022]).
Turning to plaintiff's Labor Law § 241 (6) cause of action, under that section an owner, general contractor or their agent may be held vicariously liable for injuries to a plaintiff where the plaintiff establishes that the accident was proximately caused by a violation of an Industrial Code section stating a specific positive command that is applicable to the facts of the case (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349-350 [1998]; Honeyman v Curiosity Works, Inc., 154 AD3d 820, 821 [2d Dept 2017]). Here, plaintiff, in moving, argues that he is entitled to summary judgment based on violations of Industrial Code (12 NYCRR) §§ 23-1.7 (d), (e) and 23-2.7 (e).
Industrial Code (12 NYCRR) § 23-1.7 (d), which addresses slipping hazards caused by "ice, snow, water, grease and any other foreign substance which may cause slippery footing,"[FN2]
has been found to contain specific directives (see Whalen v City of New York, 270 AD2d 340, 342 [2d Dept 2000]). While the staircase at issue would constitutes a passageway within the meaning of section 23-1.7 (d) because it was plaintiff's only means of accessing the roof (see Wowk v Broadway 280 Park Fee, LLC, 94 AD3d 669, 670 [1st Dept 2012]; Whalen, 270 AD2d at 342; see also Piedra v 111 W. 57th Prop. Owner LLC, 219 AD3d 1235, 1235 [1st Dept 2023]; cf. Bruder v 979 Corp., 307 AD2d 980, 981 [2d Dept 2003], lv denied 1 NY3d 502 [2003]), it is unclear whether the wood piece on which plaintiff alleges he slipped constitutes a foreign substance within the meaning of that section. In this regard, the Appellate Division, Second Department has held that "demolition" or "construction" debris are not the type of foreign substance contemplated by section 23-1.7 (d) (Verdi, 2024 NY Slip Op 02721, *3). On the other hand, the Court of Appeals has recently found that a plastic covering placed on an escalator constituted a "foreign substance" for purposes of section 23-1.7 (d) (see Bazdaric v Almah Partners LLC, — NY3d —, 2024 NY Slip Op 00847, *3-4 [2024], reversing 203 AD3d 643 [1st Dept 2022]).[FN3]

This court, however, need not resolve this issue here, since, even if section 23-1.7 (d) applies, plaintiff has failed to demonstrate the absence of factual issues with respect to whether Industrial Code (12 NYCRR) § 23-1.7 (d) was violated. In this regard, Sanchez's testimony suggests that the carpenter's drywall taping work was performed between the time he left the building to check on another jobsite and when he returned to the building following the accident and observed drywall debris on the stairs. There is thus a factual issue as to whether the piece of wood on which plaintiff claims to have slipped was the result of ongoing work being performed by the carpenters, and thus whether the wood may be deemed integral to the work being [*4]performed (see Scribner v State of New York, 130 AD3d 1207, 1209 [3d Dept 2015]; Cody v State of New York, 82 AD3d 925, 928 [2d Dept 2011]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622 [2d Dept 2003]; see also Krzyzanowski v City of New York, 179 AD3d 479, 481 [1st Dept 2020]; cf. Lois v Flintlock Constr. Servs., LLC, 137 AD3d 446, 447-448 [1st Dept 2016]; Kutza v Bovis Lend Lease LMB, Inc., 95 AD3d 590, 591-592 [1st Dept 2012]). In addition, the testimony of Sanchez and Brucas that plaintiff told them that he lost his balance and fell without mentioning that he slipped on a piece of wood is sufficient to demonstrate a factual issue as to whether the piece of wood was a proximate cause of plaintiff's fall (see Jurski v City of New York, 204 AD3d 983, 984 [2d Dept 2022]; Albino v 221-223 W. 82 Owners Corp., 142 AD3d 799, 800-801 [1st Dept 2016]; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097-1098 [2d Dept 2012]; but see Piedra v 111 W. 57th Prop. Owner LLC, 219 AD3d 1235, 1235 [1st Dept 2023]).[FN4]
Finally, in this respect, plaintiff's proof, which includes his own deposition testimony that he did not notice the piece of wood while climbing the steps on his previous trips, fails to demonstrate that the piece of wood was present for sufficient time such that "someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard, and that [a] plaintiff's slipping, falling[,] and subsequent injury proximately resulted from such negligence" (Rizzuto, 91 NY2d at 351; see Dyszkiewicz v City of New York, 218 AD3d 546, 550 [2d Dept 2023]; Bocanegra v Chest Realty Corp., 169 AD3d 750, 751-752 [2d Dept 2019]). 
In view of plaintiff's testimony that he slipped and fell, it would appear that Industrial Code (12 NYCRR) § 23-1.7 (e) (1), which applies to tripping hazards, is inapplicable (see Dyszkiedwicz, 218 AD3d at 547; Cooper v State of New York, 72 AD3d 633, 635 [2d Dept 2010]). However, assuming that section 23-1.7 (e) (1) is applicable (see Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 763, 765 [2d Dept 2009]; see also Lois, 137 AD3d at 447-448 [the characterization of an accident as a trip and fall or a slip and fall is not dispositive of liability under section 23-1.7 (e) (1)]), plaintiff has still failed to demonstrate his prima facie entitlement to summary judgment given the above discussed factual issues regarding whether the piece of wood was integral to the carpenter's work, whether plaintiff slipped on the piece of wood, and whether someone in the chain of the project had actual or constructive notice of the condition. 
Industrial Code (12 NYCRR) § 23-2.7 (e), which sets requirements for safety rails and handrails on stairways,[FN5]
applies to the stairway at issue (see Waldron, 203 AD3d at 565-566; [*5]Pesantez v 650 Met Partners LLC, 2023 NY Slip Op 33637[U], *18-19 [Sup Ct, Kings County 2023]). Although the requirements for safety rails under section 23-2.7 (e) only mention the open sides of a staircase, the sentence of the section requiring handrails has no language limiting its application to open sides of a stairway. Indeed, the use of the word "handrail," which is commonly defined as "a narrow rail for grasping with the hand as a support" (Merriam-Webster.com Dictionary, handrail, [https://www.merriam-webster.com/ dictionary/ handrail] [online free version]), suggests that it is intended for support while a worker is ascending or descending the stairway, a purpose distinct from that of a safety rail, which, at least in the context of the Industrial Code, is intended to provide edge protection against elevation differentials (see e.g. Industrial Code (12 NYCRR) §§ 23-1.7 [b] [1] [i], 23-115, 23-1.22 [b] [4], 23-1.22 [c] [2], 23-5.1 [j]). However, the testimony in the record regarding the fact that the handrails had been removed to allow the taping work to proceed is sufficient to demonstrate a factual issue as to whether the removal of the handrails was necessary for the carpenters to perform their drywall taping work, which work was an integral part of the job (see Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). Additionally, plaintiff's testimony that he had nothing to grab onto as he fell fails to demonstrate, as a matter of law, that the absence of handrails was a proximate cause of his injuries (see Waldron, 203 AD3d at 565-566; cf. Curto v Kahn Property Owner, LLC, 225 AD3d 660, 661-662 [2d Dept 2024]).
As such, plaintiff has failed to demonstrate his prima facie entitlement to summary judgment on his Labor Law §§ 240 (1) and 241 (6) causes of action, and his motion must thus be denied regardless of the sufficiency of the opposition papers (see Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).[FN6]

This constitutes the decision and order of the court. 
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:This court notes that the Appellate Division, First Department, in contrast, has held that the fact that a staircase was constructed as a permanent structure does not remove it from the reach of Labor Law § 240 (1) (see DaSilva v Toll GC LLC, 224 AD3d 540, 541 [1st Dept 2024]; Waldron v City of New York, 203 AD3d 565, 565-566 [1st Dept 2022]). This court, however, is bound by decisions from the Second Department (see Mountain View Coach Lines, Inc. v Storms, 102 AD3d 663, 664 [2d Dept 1984]), and is not aware of any decision involving permanent staircases that expressly rejects or alters the holdings of cases like Sullivan, Gallagher, or Parsuram.

Footnote 2:Industrial Code (12 NYCRR) § 23-1.7 (d) provides, "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

Footnote 3:The court notes that in deciding Verdi, the Appellate Division, Second Department did not address the Court of Appeals' decision in Bazdaric.

Footnote 4:It would appear that plaintiff's statements made to Brucas with Jaira acting as translator would be admissible based on the agency exception to the hearsay rule (see People v Slade, 37 NY3d 127, 140-141 [2021]; People v Quan Hong Ye, 67 AD3d 473, 473 [1st Dept 2009], lv denied 14 NY3d 804 [2010] & 14 NY3d 807 [2010]).

Footnote 5:Industrial Code (12 NYCRR) § 23-2.7 (e) provides that, "Protective railings. The stairwells of temporary wooden stairways and of permanent stairways where enclosures or guard rails have not been erected shall be provided with a safety railing constructed and installed in compliance with this Part (rule) on every open side. Every stairway and landing shall be provided with handrails not less than 30 inches nor more than 40 inches in height, measured vertically from the nose of the tread to the top of the rail."

Footnote 6:Given that this court has found that plaintiff has failed to demonstrate his prima facie entitlement to summary judgment, it has not addressed Eddie's VIP's contention that summary judgment should be denied because it has not had an opportunity to conduct discovery.