De Souza v Hudson Yards Constr. II LLC
2026 NY Slip Op 03229
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jose Carlos De Souza, Plaintiff-Appellant,
v
Hudson Yards Construction II LLC et al., Defendants-Respondents. [And a Third-Party Action.]

Decided and Entered: May 21, 2026
Index No. 157354/19 595340/25|Appeal No. 6707|Case No. 2026-00054|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Lisa M. Comeau, Garden City, for appellant.
Kahana Feld LLP, New York (Christina T. Pingaro of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 5, 2026, which granted defendants' motion for leave to renew plaintiff's motion for partial summary judgment on his claims pursuant to Labor Law § 240(1) and Labor Law § 241(6) premised on Industrial Code (12 NYCRR) § 23-1.16(b), and upon renewal, denied plaintiff's motion, and which order denied plaintiff's cross-motion precluding defendants from introducing at trial or relying on in connection with any motion the testimony of nonparty Rafael Silva, unanimously affirmed, without costs.
Defendants established that renewal is warranted notwithstanding that this Court affirmed the order granting plaintiff summary judgment (De Souza v Hudson Yards Constr. II LLC, 231 AD3d 614 [1st Dept 2024]), which defendants now seek to vacate through the introduction of new evidence. "[A] court of original jurisdiction may entertain a motion to renew or vacate a prior order . . . even after an appellate court has rendered a decision on that order . . . , as long as the moving party exercised due diligence in attempting to produce the newly discovered evidence" (Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001] [internal citations omitted]). The availability of a post-appeal renewal motion is limited to "those cases in which crucial facts were at the time of the original motion extant, but could not have been obtained by the party seeking renewal, even if due diligence had been exercised" (Matter of Weinberg, 132 AD2d 190, 210 [1st Dept 1987], appeal dismissed 71 NY2d 994 [1988]). As the party seeking renewal, defendants bore "a heavy burden to show, in addition, that [they] w[ere] unable at any time before the perfection of the appeal, to bring the new facts to the motion court's attention as [they] would have been permitted to do if in fact the criteria for renewal were satisfied" (id.; see Sciss v Metal Polishers Union Local 8A, 149 AD2d 318, 321 [1st Dept 1989]).
Defendants satisfied their burden by demonstrating that they first identified Silva at the end of 2024, approximately two years after they submitted their opposition to plaintiff's motion for summary judgment, that he only agreed to cooperate in April 2025, and that defendant filed their motion to renew approximately one week after Silva signed his affirmation in support of the motion to renew on June 30, 2025 (see Tishman Constr. Corp., 280 AD2d at 377; Tesa v Transit Auth. of City of N.Y., 184 AD2d 421, 423 [1st Dept 1992]). For these same reasons, denial of plaintiff's cross-motion to preclude Silva, who plaintiff was unable to identify during his deposition, was also "an appropriate exercise of discretion" (Scherrer v Time Equities, Inc., 27 AD3d 208, 209 [1st Dept 2006]).
[*2]
Upon renewal, the court correctly denied plaintiff's motion for partial summary judgment on his claims pursuant to Labor Law § 240(1) and Labor Law § 241(6) premised on Industrial Code (12 NYCRR) § 23-1.16 (b). Defendants established that Silva, in translating plaintiff's statements regarding the accident, was "competent [and] objective," and that his affirmation was admissible under the agency exception to the hearsay rule (Nava-Juarez v Mosholu Fieldston Realty, LLC, 167 AD3d 511, 512 [1st Dept 2018]; see People v Quan Hong Ye, 67 AD3d 473, 473 [1st Dept 2009], lv denied 14 NY3d 804 [2010]). Contrary to plaintiff's testimony, Silva affirmed that plaintiff never said that he fell but rather stated only that a crowbar had struck his finger. This contradiction "demonstrates the existence of triable issues of fact as to how plaintiff's accident occurred, and it cannot be concluded, as a matter of law, that the alleged failure to provide him with proper protection proximately caused his injuries" (Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]). Similarly, defendants have raised an issue of fact as to whether an Industrial Code violation was a proximate cause of plaintiff's alleged injuries (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 318 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026