Tolk v 11 W. 42 Realty Invs., L.L.C. (2022 NY Slip Op 00150)





Tolk v 11 W. 42 Realty Invs., L.L.C.


2022 NY Slip Op 00150


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 150752/16 Appeal No. 15019 Case No. 2021-02557 

[*1]Jeffrey Tolk, Plaintiff-Appellant,
v
11 West 42 Realty Investors, L.L.C. et al., Defendants-Respondents.
CJS Industries Inc., Third-Party Plaintiff-Respondent,
v
Architectural Flooring Resource Inc., Third-Party Defendant, Tishman Speyer Properties, LP, Third-Party Defendant-Respondent. [And Other Third-Party Actions.]


Hogan & Cassell, LLP, Jericho (Michael D. Cassell of counsel), for appellant.
Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for CJS Industries Inc., respondent.
Eustace, Preziozo & Yapchanyk, New York (Robert M. Mitchell of counsel), for 11 West 42 Realty Investors, L.L.C., and Tishman Speyer Properties, LP, respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 16, 2021, which, to the extent appealed from as limited by the briefs, granted defendant CJS Industries Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to reinstate plaintiff's Labor Law § 241(6) claim to the extent it is predicated on violation of 12 NYCRR 23-1.7(d), and otherwise affirmed, without costs.
For purposes of the applicability of Industrial Code (12 NYCRR) § 23-1.7(d), a staircase may constitute a passageway when that staircase is the sole access to the work site (see Harasim v Eljin Constr. of N.Y., Inc., 106 AD3d 642, 643 [1st Dept 2013]; Wowk v Broadway 280 Park Fee, LLC, 94 AD3d 669, 670 [1st Dept 2012]). Here, plaintiff and his coworkers were required to use the loading dock entrance, where they would check in with security and go down to the basement level; from the basement, the workers proceeded to the floors where construction was ongoing. Although workers had the option of using a single-stop elevator to gain access to the basement, plaintiff's uncontradicted testimony showed that the workers used the staircase, not the elevator. At the time of plaintiff's accident, he was with several coworkers, all of whom had just checked in with the security guard and were using the staircase. CJS offered no evidence that any of the workers for any of the contracted trades used the single-stop elevator for purposes other than delivering construction material. Under these circumstances, where the staircase on which plaintiff fell the way in which the workers generally accessed the basement level, the staircase was a passageway for Labor Law § 241(6) purposes (see Potenzo v City of New York, 189 AD3d 705, 706 [1st Dept 2020]).
The motion court correctly dismissed plaintiff's Labor Law § 200 and common-law negligence claims. The only evidence regarding the wet condition on the staircase was plaintiff's testimony that the condition was created by a building maintenance worker shortly before the accident. Indeed, plaintiff testified that he confronted the worker, who was carting a large barrel of liquid with a hose attached, and that the worker apologized, as did his supervisor. Thus, there is no evidence that CJS caused the condition, was aware of the condition, or could be charged with constructive notice (see DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 626 [1st Dept 2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022