| |
|---|
| **Ward v Times Sq. Hotel Owner LLC** |
| 2025 NY Slip Op 30661(U) |
| February 26, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154353/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**                    PART                    **33M**

*Justice*

-------------------------------------------------------------------X

MARTIN JOSEPH WARD,                                 INDEX NO.              154353/2022

                                Plaintiff,          MOTION DATE           05/03/2024

- v -                                               MOTION SEQ. NO.          001

TIMES SQUARE HOTEL OWNER LLC, PAVARINI
MCGOVERN, LLC                                       **DECISION + ORDER ON**
                                                    **MOTION**
                                Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, and after a final submission date of December 10, 2024, Plaintiff Martin Joseph Ward's ("Plaintiff") motion for summary judgment on the issue of liability on his Labor Law §§ 200, 240(1), and 241(6) claims against Defendants is granted in part and denied in part.

## I.      Background

On January 12, 2022, Plaintiff was working for a concrete subcontractor of the Defendant general contractor, Pavarini McGovern, LLC at 1568 Broadway, New York, New York (the "Construction Site"). The Construction Site was owned by Defendant Times Square Hotel Owner. On the date of the accident, Plaintiff walked the stairway from the fourteenth floor to the sixth floor. After reaching the ninth floor, Plaintiff slipped on ice on the landing of the staircase. Plaintiff seeks summary judgment on his Labor Law §§ 200, 240(1), and 241(6) claims.

[* 1]

## II. Background

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]).

### B. Labor Law § 240(1)

Plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim is denied. The crux of the Defendants' opposition is whether Plaintiff's accident on the staircase constitutes an elevation related hazard or defective safety device within the ambit of Labor Law § 240(1). This Court finds there is an issue of fact as to whether the permanent staircase constitutes a safety device within the meaning of Labor Law § 240(1).

Where a plaintiff is required to use a stairway to complete their work, and the stairway is the sole means of access to the work area, the stairway constitutes a safety device under Labor Law § 240(1) (*Conlon v Carnegie Hall Society, Inc.*, 159 AD3d 655 [1st Dept 2018] citing *Ramirez v Shoats*, 78 AD3d 515, 517 [1st Dept 2010]). However, where the stairway is not the sole means of reaching the work area, there is an issue of fact as to whether the staircase constitutes a safety device (*see Gamez v Sandy Clarkson LLC*, 221 AD3d 453, 454 [1st Dept 2023] citing *Waldron v*

*City of New York*, 203 AD3d 565, 656-566 [1st Dept 2022]). Here, there is testimony that there were three available hoists at the worksite which were used to move workers amongst the various floors. Moreover, Plaintiff himself admitted that he used the hoist to reach the fourteenth floor the day of his accident, but he decided to use the stairs to descend to the sixth floor because the hoist was slow. Therefore, the stairs where Plaintiff fell were not the sole means of accessing the work area. As the hoists may have provided alternative and adequate safety devices for Plaintiff to move about the floors of the Construction Site, there is an issue of fact as to whether there exists a Labor Law § 240(1) violation, and therefore summary judgment is denied as to this claim.

### C. Labor Law § 241(6)

Plaintiff's motion for summary judgment on his Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-1.7(d) is granted. As held by the Court of Appeals, Labor Law § 241(6) imposes a non-delegable duty upon an owner and general contractor to "respond in damages" if a worker engaged in construction is injured due to inadequate safety and protection, even if the worker sustains an injury because of another party's negligence (*Rizzuto v L.A. Wenger Contracting Co.*, 91 NY2d 343, 350 [1998]). A general contractor is not absolved of liability for lack of notice of a dangerous condition or for lack of an opportunity to cure the dangerous condition (*Gallina v MTA Capital Construction Company*, 193 AD3d 414 [1st Dept 2021]).

Industrial Code 23-1.7(d) provides that "[e]mployers shall not suffer or permit any employee to use a floor…which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed…". Here, there is no dispute that Plaintiff slipped and fell on ice on the stairs in violation of Industrial Code 23-1.7(d) (*see also Tolk v 11 West 42 Realty Investors, LLC*, 201 AD3d 491 [1st Dept 2022]; *Potenzo v City of New York*, 189 AD3d 705 [1st Dept 2020]).

**154353/2022   WARD, MARTIN JOSEPH vs. TIMES SQUARE HOTEL OWNER LLC ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

In opposition, Defendants fail to raise an issue of fact. As a preliminary matter, that Plaintiff may be found comparatively negligent is no bar to summary judgment on the issue of liability under Labor Law § 241(6) (*see Rodriguez v City of New York*, 31 NY3d 312 [2018]; *see also Luciano v New York City Hous. Auth.*, 157 AD3d 617 [1st Dept 2018]). Plaintiff's failure to take photos of the allegedly icy condition and his failure to report immediately his incident are insufficient to deny summary judgment where there is no evidence directly contradicting Plaintiff's testimony he slipped and fell on ice. Defendants' attempt to attack Plaintiff's credibility is especially insufficient in lieu of the corroborating testimony of non-party Sean Hughes, who testified he witnessed Plaintiff fall and that the stairwell was icy (NYSCEF Doc. 27 at 15-16).

**D. Labor Law § 200**

Plaintiff's motion for summary judgment on his Labor Law § 200 claim is denied. Where an existing defect or dangerous condition causes an injury, an owner or general contractor may be liable if they created the condition or had actual or constructive notice of it (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012]). Viewing the facts in the light most favorable to the non-movant, the Court finds that Plaintiff has not established that Defendants had notice of the icy condition (*York v Tappan Zee Constructors*, LLC, 224 AD3d 527, 528 [1st Dept 2024]; *Raffa v City of New York*, 100 AD3d 558 [1st Dept 2012]). Defendants' witness testified that employees would "walk the job site and if there needs salt to be put down, they would put it down." On this record, and given the large size of the multi-floor Construction Site, the Court finds Plaintiff has not met his heavy burden of eliminating all issues of fact surrounding notice of the icy condition.

154353/2022   WARD, MARTIN JOSEPH vs. TIMES SQUARE HOTEL OWNER LLC ET AL
Motion No. 001

Page 4 of 5

4 of 5

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment on the issue of liability under his Labor Law §§ 200, 240(1), and 241(6) claims against Defendants is granted in part and denied in part; and it is further

ORDERED that Plaintiff's motion for summary judgment against Defendants on the issue of liability on his Labor Law § 241(6) claim predicated on a violation of Industrial Code 23-1.7(d) is granted; and it is further

ORDERED that Plaintiff's motion for summary judgment against Defendants on the issue of liability on his Labor Law §§ 200 and 240(1) claims is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/26/2025 | *My V Rosado* JSC |
|-----------|-------------------|
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|----------------------|--|--|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154353/2022   WARD, MARTIN JOSEPH vs. TIMES SQUARE HOTEL OWNER LLC ET AL**          **Page 5 of 5**
**Motion No.  001**

5 of 5