**Tiburcio v 10 Huron FS Condo LLC**

2025 NY Slip Op 32390(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 151817/2019

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LESLIE A. STROTH**                     PART          **12M**

_Justice_

-------------------------------------------------------------------X

RAFAEL TIBURCIO,

                            Plaintiff,

                 - v -

10 HURON FS CONDO LLC,19 INDIA FEE OWNER
LLC,MACK REAL ESTATE CAPITAL GROUP, LLC,NOBLE
CONSTRUCTION GROUP, LLC,

                            Defendant.

-------------------------------------------------------------------X

10 HURON FS CONDO LLC, 19 INDIA FEE OWNER LLC,
MACK REAL ESTATE CAPITAL GROUP, LLC, NOBLE
CONSTRUCTION GROUP, LLC

                            Plaintiff,

                 -against-

LIPPOLIS ELECTRIC, INC.

                            Defendant.

-------------------------------------------------------------------X

10 HURON FS CONDO LLC, 19 INDIA FEE OWNER LLC,
MACK REAL ESTATE CAPITAL GROUP, LLC, NOBLE
CONSTRUCTION GROUP, LLC

                            Plaintiff,

                 -against-

GANE SERVICES, INC.

                            Defendant.

-------------------------------------------------------------------X

---

INDEX NO.          151817/2019

MOTION DATE       N/A, N/A, N/A

MOTION SEQ. NO.   001 002 003

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595846/2019

Second Third-Party
Index No.  595835/2020

---

The following e-filed documents, listed by NYSCEF document number (Motion 001) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 256, 261

were read on this motion to/for                   JUDGMENT - SUMMARY

The following e-filed documents, listed by NYSCEF document number (Motion 002) 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 202, 242, 243, 244, 245, 246, 247, 248, 249, 250, 253, 254, 255, 257, 259, 260

were read on this motion to/for _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 203, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 251, 252, 258, 262

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Plaintiff commenced this action for injuries allegedly sustained on November 16, 2018 on a construction site at 145 West Street, Brooklyn, New York where he was performing electrical work for third-party defendant Lippolis Electric Inc. Plaintiff alleges that he slipped and fell down a staircase from the first floor to the ground level which he accessed to go out on his break. Plaintiff claims that the staircase was unfinished with large openings at the top and bottom of the staircase, lacked a handrail, and was slippery because of rain that went through the windows that did not have protective coverings. The following motions were filed by the parties:

*Motion #001 by plaintiff for partial summary judgment against defendants 10 HURON FS CONDO LLC, 19 INDIA FEE OWNER LLC, and NOBLE CONSTRUCTION GROUP, LLC for liability under Labor Law §240(1), §241(6), and §200, as well as general negligence against NOBLE; dismissing the affirmative defenses of plaintiff's alleged culpable conduct as asserted by Defendants; and supplement plaintiff's bill of particulars to include the OSHA sections OSHA Multi Employer Citation Policy CPL2-0.124; 29 CFR 1926.16, 1926.1052.

*Motion #002 by defendants 10 HURON FS CONDO LLC, 19 INDIA FEE OWNER LLC, MACK REAL ESTATE CAPTIAL GROUP, LLC and NOBLE CONSTRUCTION GROUP, LLC to dismiss plaintiff's complaint in its entirety, including the plaintiff's Labor Law §200/common law negligence, §240(1), and §241(6) causes of action, and all cross-claims, with

[* 2]

prejudice; or in the alternative, granting defendants summary judgment against LIPPOLIS ELECTRIC, INC. on defendants' claims for common law and contractual indemnification;

*Motion #003 by third-party defendant LIPPOLIS ELECTRIC, INC., to dismiss plaintiff's claims of common law negligence and Labor Law §200, §240(1), and §241(6); and dismiss defendants/third-party plaintiffs' third-party claims of common law and contractual indemnity, contribution, and breach of contract;;

The Court shall first address Labor Law §240(1), which provides: "All contractors and owners and their agents…in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The statute imposes absolute liability upon owners, contractors, and their agents where a breach of this statutory duty proximately causes an injury. (*See Gordon v Eastern Railway Supply, Inc.*, 82 NY2d 555 (1993)).

Plaintiff argues that a permanent staircase that is the sole reasonable means of access constitutes a statutory safety device under Labor Law §240(1) (See *Ramirez v. Shoats*, 78 A.D.3d 515 (1st Dep't 2010)). Defendants aver that a non-enumerated device under Labor Law §240(1) must be used as tool in the performance of the work to protect the worker from an elevation-related risk, and not merely a passageway from one place of work to another, such as in this matter, and that the permanent staircase plaintiff slipped on was not the sole means of access (See *Paul v. Ryan Homes, Inc.*, 5 A.D.3d 58 (4th Dep't 2004)).

Plaintiff relies on an affidavit by Mr. Tiburcio who stated that "Lippolis employees always used this stairway to exit the building from the telecom shanty in the southside of

building B. During the course of my seven to eight months of working at the building, I exited the building using the same staircase. I was not aware of any alternative routes that were in close proximity to the shanty. Any other means of accessing the shanty and then exiting would have required me to spend additional time traveling substantially further and cut directly into my break time". (Nyscef doc 92, para 12).

However, Christopher Wilson on behalf of defendant Noble testified that there were three different ways to exit the building. (Exh L, p 53). The evidence does not provide a clear answer as to whether the subject staircase was the only means of access, information which is critical in determining whether or not Labor Law §240(1) applies here. The parties failed to provide any testimony or other evidence for this Court to determine whether the subject staircase on which Plaintiff fell was indeed permanent and the sole reasonable means of access. Thus, plaintiff and defendants are denied summary judgment on Labor Law §240(1).

Next, for plaintiff to establish liability pursuant to Labor Law §241(6), a violation of the Industrial Code must be shown (*See e.g. Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 (1993) (holding that Labor Law §241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute). Here, plaintiff's claim under Labor Law §241(6) is based on violation of 12 NYCRR §23-1.7(d) and 1.7(f):

> Industrial Code § 23-1.7(d) provides as follows: (d) Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.
>
> Industrial Code § 23-1.7(f) states: Vertical passage, stairways, ramps or runways shall be provided as a means of access to working levels above or below ground except where the nature or progress of the work prevents their installation in which case ladder or other safe means of access shall be provided.

The Court is denying plaintiff's and defendants' motion for summary judgment on Industrial Code § 23-1.7(d). "For purposes of the applicability of Industrial Code (12 NYCRR) §23-1.7(d), a staircase may constitute a passageway when that staircase is the sole access to the work site" (*Tolk v. 11 W. 42 Realty Invs., L.L.C.*, 201 A.D.3d 491 (1st Dept 2022)). As indicated above, the Court is unable to ascertain whether the staircase was the sole access to and from the work site.

As to plaintiff's motion for summary judgment pursuant to an alleged violation of Labor Law §241(6) based on Industrial Code § 23-1.7(f), the Court is granting such. The Court notes that defendants failed to submit any opposition to this subsection. Moreover, "12 NYCRR 23-1.7(f) imposes a duty upon a defendant to provide a safe staircase, free of defects" (*Vasquez v. Urbahn Assocs. Inc.*, 79 A.D.3d 493 (1st Dept 2010)). Here, the evidence is clear that plaintiff slipped on wet stairs (Nyscef doc 80, p 19). Finally, Plaintiff failed to oppose the remaining industrial codes addressed in defendants' motion. Thus, summary judgment and dismissal based on Labor Law §241(6) is granted with respect to the remaining industrial codes, except as to Industrial Code § 23-1.7(e) since the parties did not seek summary judgment for such.

As to Labor Law §200, this section of the Labor Law codifies the common law duty of an owner to provide construction workers with a safe place to work (*See Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876, 877 (1993)). Labor Law §200 and common law claims fall under two categories: "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 133-144 (1st Dept 2012)). Under the first group, the owner had to have either created the condition or have actual or constructive

[* 5]

notice of it (*Id* at 144). In the second category, the owner or general contractor is liable if "it actually exercised supervisory control over the injury-producing work" (*Id*).

The Court is granting plaintiff's motion and denying defendants' motion for summary judgment on Labor Law §200 and common law negligence as to defendant Noble only, since plaintiff failed to provide argument or proof as to the remaining defendants' liability.

According to Christopher Wilson, Vice President of project operations at Noble Construction, "[b]efore the windows were installed, yeah, you get wet" and that there was large accumulation of water and water would be a frequent occurrence on work surfaces. (Exh L, p 37).

> Consider the following exchange:
>
> Q. In the event before Rafael's accident, if you had observed water in the staircase where the accident occurred, what if anything would you have done, would you have done anything or not really because it's not necessarily a slipping hazard?
>
> A. I don't think anything would have been done.
>
> Q. Can you explain why?
>
> A. Again, it's a construction site, it is common to encounter water in any -- on any floor, depending on the stage of construction.
>
> Q. Was that also common at this site before Rafael's accident, more or less?
>
> A. Look, you walk out of Lippolis' shanty, there's an oculus that's open to the atmosphere two floors above. It's part of ventilation. When it rains, it get wet (Id, p 103).

Thus, plaintiff's motion for summary judgment on Labor Law §200 and common law negligence is granted only as to defendant Noble. Defendants' motion for summary judgment as to Labor Law §200 is granted with respect to 10 Huron FS Condo, 19 India Fee Owner, and Mack Real Estate.

The Court is granting plaintiff's motion to dismiss the affirmative defense of comparative fault, which defendants failed to oppose in their papers. Moreover, there is no proof that plaintiff contributed to the subject accident (see *Ellerin-Diefenbach v. Autumn Sky Dev. Co.*, 208 A.D.3d

456 (2nd Dept 2022)). The Court is also granting plaintiff's motion to amend the bill of particulars to include the OSHA sections OSHA Multi Employer Citation Policy CPL2-0.124; 29 CFR 1926.16, 1926.1052, which defendants also failed to oppose.

As to defendants' motion for summary judgment on contractual and common law indemnification against Lippolis Electric and Lippolis Electric's motion to dismiss the third-party claims of common law and contractual indemnity, contribution, and breach of contract: it is well-established that a party cannot be indemnified for their own negligence, and contractual indemnification clauses are to be enforced only when the "intention to indemnify can be clearly implied from the language and purpose of the entire agreement, and the surrounding facts and circumstances" (*See Masciotta v Morse Diesel Int'l, Inc.*, 303 A.D.3d 309 (1st Dept 2003).

"In contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Correia v. Pro. Data Mgmt., Inc.*, 259 A.D.2d 60 (1st Dept 1999)). As to common-law indemnification, the one seeking indemnity must prove "…not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence" (*See Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483, 484 (1st Dept 2010). Similarly, contribution is only available where tortfeasors combine to cause an injury (*Godoy v Alabaster of Miami*, 302 AD2d 57 (2d Dept 2003).

According to the construction Management Agreement between MP 145 WS Owner LLC (owner) and Noble Construction (Construction Manager), Article 7.02(w), "The Construction Manager agrees that during the pre-construction phase of the Work, it shall perform the following: maintain the project site in a safe and orderly fashion and provide project site

[* 7]

clean-up of the work on a regular basis during the course of construction, and also upon substantial completion and final completion" (Exh N, p 19).

However, the Contract between Noble as Construction Manager and Lippolis and Contractor, states as follows (Exh O):

> The Contractor shall clear all rubbish created by its operations on a daily basis and collect same in a central location on each floor or in a container provided by the Construction Manager as directed by the Construction Manager's superintendent. If Construction Manager uncovers or learns of Contractor's failure to clear and collect rubbish created by its operations, Construction Manager may do so upon notice to the Contractor and all cost and expense of performing such Work shall be charged to the Contractor's account. In the event of a dispute between the Contractor and other Contractors on the Site as to responsibility for cleaning up as required under this Section, the Construction Manager may clean-up and charge the cost thereof to the Contractors responsible therefor as the Construction Manager shall reasonably determine to be fair and equitable, which shall in no way be construed as relieving Contractor of its obligations under this Agreement or any Contract Documents.

The Court is unable to ascertain which of the two parties were responsible for the cleanup of the water based on the conflicting provisions, and whether, as the court indicated earlier, Noble was free of negligence. Thus, the parties are denied summary judgment on common law and contractual indemnity, and contribution. As to Lippolis' motion for summary judgment on breach of contract, defendants failed to oppose, and Lippolis submitted proof that it procured insurance policies with Noble as an additional insured, and thus, such is granted (Exh P).

Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment pursuant to Labor Law §240(1) is denied; and it is further

ORDERED that Defendants' motion for summary judgment pursuant to Labor Law §240(1) is denied; and it is further

ORDERED that Plaintiff's motion for summary judgment pursuant to Labor Law §241(6) is granted only as to Industrial Code §23-1.7(f); and it is further

ORDERED that Plaintiff's motion for summary judgment pursuant to Labor Law §200 and common law negligence as to Defendant Noble Construction Group LLC is granted; and it is further

ORDERED that plaintiff's motion to dismiss the affirmative defense of comparative fault is granted; and it is further

ORDERED that Plaintiff's motion to amend the bill of particulars to include the OSHA sections OSHA Multi Employer Citation Policy CPL2-0.124; 29 CFR 1926.16, 1926.1052 is granted; and it is further

ORDERED that Plaintiff shall submit an amended bill of particulars within 14 days of the date of this order; and it is further

ORDERED that Third-Party Defendant Lippolis Electric, Inc.'s motion for summary judgement on common law and contractual indemnity is denied; and it is further

ORDERED that Defendants 10 Huron FS Condo LLC, Mack Real Estate Capital Group, LLC, and 19 India Fee Owner LLC's and Noble Construction Group LLC.'s motion for summary judgement on common law and contractual indemnity is denied; and it is further

ORDERED that Third Party Defendant, Lippolis Electric, Inc.'s motion for motion for summary judgment on breach of contract is granted.

The foregoing constitutes the decision and order of the Court.

| 7/7/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | HON. LESLIE A. STROTH J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

151817/2019  TIBURCIO, RAFAEL vs. 10 HURON FS CONDO LLC                    Page 9 of 9
Motion No.  001 002 003